## NORLING v. WRIGHT.

### No. 13464.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 27, 1936.

Mike E. Smith, Dee Estes, and Frank L. Bender, all of Fort Worth, for appellant.

Frank R. Graves, of Fort Worth, for appellee.

BROWN, Justice.

This is a will contest. One Jack M. Norling died in Tarrant county on June 21, 1935, and left a written will, dated November 8, 1934, duly witnessed, in which he devised the residue of his estate, after the payment of his just debts and expenses of his last illness and of his funeral, to Carolyn Malloy and Clarence Malloy, in which will he vested the title to the estate in Mrs. Ora Wright for the use and benefit of the said devisees, and in which the following language is used:

"I hereby will, bequeath and devise to Mrs. Ora Wright of Fort Worth, all of my estate of whatever kind and character, real, personal and mixed of which I may die seized, whether in possession or in expectancy, and I direct that she use the same for the benefit of the said Carolyn Malloy and Clarence Malloy in any manner that to her seems best for their good, and I hereby clothe her with full and complete authority and she is to be the sole judge in expending such estate for their benefit.

"In the event of the death of the said Mrs. Ora Wright, before the fulfillment of the trust herein directed, then and in that event, I desire that the County Judge of Tarrant County, Texas, act as Trustee in lieu of and as successor of the said Mrs. Ora Wright.

"I hereby nominate, constitute and appoint the said Mrs. Ora Wright sole Executrix of this my last will and testament, and I desire that no bond be required of her as Trustee or Executrix and that the Probate Court take no further action and have no further control in my estate than to probate this will and file inventory and appraisement."

Mrs. Wright filed an application in statutory form for the probate of such will and the issuance of letters testamentary to her. The appellant here, who designates herself as Mrs. Sallie Stewart Norling, contested this proceeding, and in her pleading designated herself as the surviving wife of Jack M. Norling, deceased. She contests the validity of the will offered for probate, on the allegation that the deceased, by reason of his physical and mental infirmities, was unable to understand and comprehend fully the nature and consequences of his acts, the nature and extent of his properties, and the object of his bounty, and was of unsound mind at the time of the alleged making of such will; she further alleged that undue influence was used on the deceased in his infirm and weakened condition, which brought about the execution of the will; she further alleged that in the month of November, 1933, the deceased, while in full possession of all his natural faculties, made a will devising to the contestant all of his property, and, in the alternative, alleged that on June 15, 1934, the deceased made another will, under the terms of which he divided his estate into two parts, one of which he bequeathed to the contestant and the other to Carolyn and Clarence Malloy, said last-named persons being the contestant's grandchildren.

Copies of these instruments were attached to the contestant's plea and she alleged that she did not have possession of either one of such documents, and, on information and belief, alleged that they are in possession of Mrs. Ora Wright, or her attorney, or that the same had become lost or destroyed; that she has used due

diligence to procure the same, and she prayed that Mrs. Ora Wright and her attorney be required to produce the same in court.

The will was duly probated in the county court of Tarrant county and an appeal was taken to the district court of Tarrant county, and the court rendered judgment sustaining the will dated November 8, 1934, admitting the same to probate as the last will and testament of the deceased, and in the judgment Mrs. Ora Wright was appointed executrix without bond and the two wills offered by the contestant were denied probate. From this judgment the contestant has appealed.

There are five assignments of error in appellant's brief; the first complains because the trial court overruled the contestant's general demurrer. The second reads as follows: "The court erred in admitting in evidence the will of November 8, 1934, over the objection of contestant that said will showed upon its face to be void, among other things, as creating a perpetuity, and therefore against public policy."

The third asserts that the trial court erred in entering judgment for the proponent and in not entering judgment for the contestant, because there was no evidence (or at least not sufficient evidence) which showed, or tended to show, that the testator was mentally competent to make a valid will at the time he executed the will offered for probate.

The fourth assignment asserts that the judgment of the trial court is contrary to law, in that it appears from the terms of the will that same creates a perpetuity.

The fifth assignment asserts that the trial court erred in overruling contestant's motion to reconsider and enter judgment for contestant, or grant a new trial, for the reasons stated in four special paragraphs of the motion for a new trial.

■ We decline to consider proposition No. 1 because it is multifarious, the same closing with the words: "And the court should have sustained contestant's general demurrer and special exceptions thereto (germane to assignments of error Nos. 1, 2 and 3)."

It is easily seen that assignments of error Nos. 1, 2, and 3 are not related, and that no one proposition of law could be made germane to all three unless same is distinctly multifarious.

Propositions Nos. 2 and 3 are fatally defective for the same reason.

■ Proposition No. 4 asserts, in substance, that the will offered for probate, having wholly omitted and failed to provide that the executrix and trustee should, in addition to the filing of the inventory and appraisement, also file a list of claims due the estate, was insufficient, null, and void, because of such omission. We find no merit in this contention.

■ The fifth proposition asserts, in substance, that the overwhelming preponderance of the evidence shows that the testator at the time he executed the will in question was mentally incompetent to execute the same, and the trial court should not have admitted the will to probate.

This case was tried before the court sitting as a chancellor, and he had before him an array of witnesses. After hearing all the evidence, pro and con, the trial judge was of the opinion that the testator was mentally capable of executing the will produced before him, and there is ample evidence in the record to sustain his conclusion and judgment.

■ The sixth proposition contends that the overwhelming preponderance of the evidence shows that the testator at the time he executed the will dated November —, 1933, was competent to make such will, and that the same was the last will and testament of the deceased, and the trial court should have entered judgment admitting such will to probate. There is no merit in this contention, even if it be true that the testator was mentally competent to make the will dated November —, 1933, because the trial court has held, under the evidence adduced before him, that the subsequent will was duly executed and was the last will and testament of the deceased.

■ There is nothing in the contention that the will creates a perpetuity. It is true the property is devised to a trustee for the use and benefit of the two devisees who are shown, by the record, to be minors; but there is nothing in the will to indicate that the trustee has the power or authority to continue in possession of and exercise control over the estate for any period of time, after the devisees reach their majority.

There being no express provision for the continuance of the trust after the beneficiaries become of age, reason dictates that

406

the trust would of necessity terminate at such time.

■ There is no merit in the contention that the contestant's general demurrer should have been sustained, because the application to probate the will was prepared in accordance with the provisions of article 3329, R.C.S.

■ The fifth assignment of error is too general and shows upon its face to be multifarious, in that it complains of several separate and distinct matters, viz., the overruling of appellant's motion to reconsider the case and enter judgment for appellant and the failure to grant a new trial for four separate reasons set out in the motion for a new trial. The assignment of error will not be considered.

■ The contestant filed this suit on the theory that she was the common-law wife of deceased, but the testimony and evidence fails to sustain this contention, and, this being true, the contestant was stripped of all right to contest the will that was offered to probate, excepting on the theory that she would take under a prior will. Under such circumstances, the burden of proof was upon her to show that the subsequent will, which failed to provide for her, should not be admitted to probate, and that some will under which she could take ought to be admitted to probate.

The trial court held that she failed to sustain this burden in the first instance, and such holding and judgment, supported by evidence and testimony, serves to completely cut off the contestant.

Finding no error, the judgment of the trial court is affirmed.