**STENZEL et al. v. FISCHER.**

No. 9568.

Court of Civil Appeals of Texas. Austin.
June 5, 1946.

Robert B. Thrasher, Polk Shelton, and W. Clarke Blalock, all of Austin, for appellants.

Hart & Brown and Jack Sparks, all of Austin, for appellee.

BLAIR, Justice.

This suit arose as contests of two wills of F. W. Schuber, who died January 7, 1945. The first will, dated August 4, 1942, and a codicil in the handwriting of testator, dated March 20, 1943, were offered for probate by appellants, who were some of the legatees or devisees named therein, and were nieces and nephews of testator, but none of them had any right to an interest in the estate of testator except as provided for under this will. Appellee, Erwin Fischer, as executor of the last will, dated January 25, 1944, contested the first will on the ground that it had been revoked by testator, and offered the last will for probate, which appellants contested on the ground of want of mental capacity of testator to execute it.

By the last will testator named his three elderly sisters, each of whom was a widow, as legatees and devisees of his estate, and they were heirs at law of testator.

Each of the wills was executed and witnessed under the formalities required by the statutes. The first will was offered in evidence and had written across its face in the handwriting of testator the words, "Void— for record only. F. W. Schuber," and had certain pen scratches, erasures, crosses, and obliterations thereon. These acts of revocation were done by testator sometime prior to the execution of the last will, and there was no evidence that testator did not have the mental capacity to revoke the will at the time the foregoing endorsements and obliterations were made thereon by him. The last will expressly revoked all prior wills of testator.

On the issue of revocation of the first will the judgment recites that:

" * * * the court finds as a matter of law that the will of August 4, 1942, and the codicil thereto attached, dated March 20, 1943, had been revoked, voided, and annulled by the testator, F. W. Schuber, by cancelling and obliterating the same and by writing across the face thereof in his own handwriting 'Void for Record Only F. W. Schuber,' and that the contestants, Lonnie Nielsen, John W. Kamp, Karl Kamp, Elsie Stenzel, and H. B. Stenzel, have no interest in the estate of F. W. Schuber, deceased, except by virtue of the will of F. W. Schuber executed August 4, 1942, and the codicil thereto attached executed March 20, 1943."

Judgment was accordingly rendered denying the application of appellants to probate the first will, because it had been revoked, and dismissing their contest of the last will, because they had no interest in the estate of testator and therefore had no right to contest his last will.

The trial court further found that as a matter of law testator was not shown to have been mentally incapacitated to make the last will, and therefore dismissed the jury and entered judgment admitting it to probate.

Appellants have appealed upon one assignment or point of error, as follows:

"The appellants allege that F. W. Schuber did not have testamentary capacity and was of unsound mind at the time he executed the will of date January 25, 1944; that the District Court erred in denying the contestants' request that the issue of testamentary capacity be submitted to the jury."

The assignment or point is without merit.

■ Since appellants were the proponents of the first will and contestants of the last will, appellants had the burden of showing two things before they would be entitled to probate the first will: 1) That it had not been revoked by testator; and 2) that testator did not have mental capacity to make the last will.

■ No request was made to submit the issue of revocation of the first will to the jury, and no objection was made to the findings and conclusions of the trial court that it had been revoked by testator in the manner recited in the judgment prior to the execution of the last will; and no objection is here made to such findings and conclusions of the trial court. Thus it has been adjudicated that the first will was revoked; that appellants have no right to, or interest in the estate of testator; and that therefore appellants have no right to contest the last will of testator. This judgment renders immaterial as concerns appellants any question of the mental capacity of testator to execute the last will.

■ The rule applicable to the foregoing facts is succinctly stated in 44 Tex.Jur., 912, § 329, as follows:

"The right of a party to oppose probate or contest the validity of a will depends upon a determination of the question as to whether he may claim any property of the decedent in the event that the purported will is held to be invalid." Arts. 3315, 3334 and 3336; Dickson v. Dickson, Tex.Com. App., 5 S.W.2d 744; Abrams v. Ross' Estate, Tex.Com.App., 250 S.W. 1019; Norling v. Wright, Tex.Civ.App., 99 S.W.2d 403; Merritt v. Merritt, Tex.Civ.App., 158 S.W.2d 116, error refused; Womack v. Woodson, Tex.Civ.App., 169 S.W.2d 786, error refused.

If the trial court had based its judgment that the first will had been revoked upon the recitation in the last will that all prior wills were thereby revoked, the question of whether testator had mental capacity to execute it may have been material, but since the judgment of revocation is expressly based upon the prior acts of revocation appellants have no right to contest the last will because they have no interest in the estate of testator except by virtue of the revoked will.

The judgment of the trial court is affirmed.

Affirmed.