# W. Floyd Franke Et Al v. Modena S. Cheatham

No. A-6233. Decided June 5, 1957.
Rehearing overruled July 10, 1957.
(303 S.W. 2d Series 355.)

*Grindstaff & Grindstaff, E. C. Grindstaff,* all of Ballinger, and *W. Marcus Weatherred* of Coleman, for petitioners.

*Bedford & Underwood, E. B. Underwood* and *Paul Petty*, all of Ballinger, for respondents.

MR. JUSTICE SMITH delivered the opinion of the Court.

Respondent, after the death of her husband, Dr. A. B. Cheatham, entered into a settlement agreement with petitioners, the surviving children and heirs of Dr. Cheatham by a former marriage, whereby the estate of the deceased husband and father was partitioned by the execution of a deed dated March 14, 1955. The partition deed was signed by all necessary parties. Simultaneously, with the execution of the deed and as a part of the compromise and settlement to a division of all the personal properties, including cash, money on deposit and claims of said estate. On the same date and as a part of the settlement and compromise, the parties executed an affidavit listing the various tracts of land described in the partition deed. The affidavit states that Dr. Cheatham died intestate and that "no administration proceedings have been taken out on his estate, and none will be taken out as there is no *nessicity* for same, all indebtedness outstanding against his estate and all funeral expenses have been paid by said estate, and the value of said estate, both separate and community, of the said A. B. Cheatham, deceased, not exceeding the sum of $25,000.00 and being far too small to require the payment of any State Inheritance or Federal Estate Tax." The affidavit further states that Dr. Cheatham was married twice; that the mother of petitioners, Alta Benge, George A. Cheatham, and Lizzie Franke, died intestate in January 1919, and that respondent married Dr. Cheatham on September 25, 1921; that no children were born to the latter marriage, and that respondent and the three children by the first marriage were the sole heirs of the deceased.

Respondent filed this suit against petitioners seeking a cancellation of the three instruments above described. Her petition alleged that Dr. Cheatham died testate, and that after his death she exhibited the will to petitioners and their attorney and that the attorney advised her that the will was invalid and that Dr. Cheatham actually died intestate; that she believed the representations made by the attorney for petitioners and that relying upon such representations, she entered into the settlement and agreement of partition as heretofore outlined. Res-

pondent further alleged that she had filed the will for probate. Petitioners alleged that respondent executed all the instruments with full knowledge of all the facts and that each instrument was prepared after all interested parties had sought the advice and counsel of the same attorney.

A jury in answer to special issues found that (1) the attorney advised respondent that the will was invalid; (2) that Mrs. Cheatham relied upon the attorney's advice, and (3) that Mrs. Cheatham would have executed the partition deed, contract, and affidavit had she not been advised that the will was invalid.

The respondent testified that she had known the attorney involved in this case by reputation for many years and that she knew he was a lawyer and that he was recognized in the community as being an able lawyer. She testified that soon after the death of Dr. Cheatham the petitioners, children of Dr. Cheatham by a former marriage, discussed with her the property of the estate of Dr. Cheatham and they also discussed the fact that Dr. Cheatham and their mother were possessed of a community estated and that Dr. Cheatham continued in possession of and managed said community property from the date of the death of their mother until his death; that they discussed the value of all the property and she then exhibited the instrument which she alleged in her petition was the last will and testament of her deceased husband. There is no evidence in the record showing that petitioners made any arrangements for employment of the attorney that could be considered in any wise as employment solely for the benefit and adversely to the interest of the respondent. Several of the petitioners testified in this case and the respondent made no effort on cross-examination of any of the petitioners to produce evidence of any character that would lead to proof that the petitioners had employed the attorney to represent them adversely to the interests of Mrs. Cheatham.

The trial court entered its judgment that respondent take nothing as against the petitioners, and that the instruments were valid and freely and voluntarily executed by all parties and constituted a fair and voluntary settlement of all matters in controversy. The judgment also permanently enjoined the respondent from probating the will of Dr. Cheatham. On appeal to the Court of Civil Appeals, the judgment of the trial court was reversed and remanded with instructions that all proceedings, including the trial of the case in the District Court, be

suspended until after final adjudication of the probate proceedings in the Probate Court. 298 S.W. 2d 202. The Court of Civil Appeals, Justice Hughes dissenting, held (1) that the attorney could not represent all parties, and that he was not an attorney for respondent; that the answer of the jury to issue 3, that Mrs. Cheatham would have signed the instruments regardless of the advice that the will was invalid, was not supported by the evidence and was against the great weight and preponderance of the evidence, (2) that respondent's cause of action was based in part upon her contention that the will was valid and entitled to probate, and, therefore, the trial of this cause should be suspended pending final judgment in the probate proceedings, and (3) that the trial court erred in not sustaining respondent's motion filed in advance of the trial, the motion being to the effect that the attorney with whom she had consulted be not permitted to participate as an attorney in behalf of petitioners. Chief Justice Archer filed a concurring opinion which seems to limit his concurrence to the holding that the case was remanded, the injunction dissolved, and the trial suspended pending final judgment in the probate proceedings. However, we approach a decision of the questions hereinafter discussed on the premise that the majority opinion by Justice Gray also expresses the view of Chief Justice Archer on the first two questions.

■ We have concluded that the first two questions are the dominant issues involved and our decision thereon will render it unncessary to pass upon the third. Under our view we are not required to determine whether the will involved was valid or invalid. If the proof showed that the attorney was not the attorney for the petitioners alone, but that he acted at the instance of all the parties in the capacity of attorney and legal adviser in an effort to assist all of them as a family group in arriving at the partition and settlement of the property rights between the parties, then the respondent would not be entitled to a cancellation of the instruments. See Stringfellow v. Early, 15 Texas Civ. App. 597, 40 S.W. 871 (no writ history). If the instruments remain in effect, the partition and contract must stand, and respondent would not be entitled to maintain an action to probate the instrument alleged to be a will even if it were found to be valid. The respondent did not allege fraud on the part of the attorney or any of the petitioners. The only allegation was that the attorney represented the petitioners and that he advised her that the will was invalid and that relying upon such advice she signed the instruments. We hold there is no evidence of probative force in the record sustaining the contention thus made. The evidence is undisputed that all the

parties went to the attorney's office on four different occasions seeking his advice regarding the purported will and estate of Dr. Cheatham. There is no evidence that the attorney can be charged with constructive fraud. There is no evidence that he represented one of the parties any more than he did the others. The evidence shows that the respondent and petitioners acted in concert in jointly presenting the matter to the attorney. It cannot be said under the evidence that the opinions and advice given to the group by the attorney was the product of collusion between the attorney and petitioners for the simple reason that no evidence of collusion was shown. We hold that the validity of the partition deed, contract, and affidavit must be sustained. Since the effect of the instruments was to partition between all the parties the estate of Dr. Cheatham, and since the partition is not being set aside, we hold that respondent is not entitled to maintain an action to probate the purported will even if it were found to be valid. As long as the instruments remain in effect the rights of the parties have been determined. Therefore, the respondent is in no position to discharge the burden of showing that she has some pecuniary interest, real or prospective, absolute or contingent, which will be impaired or in some manner materially affected by the failure to probate the will. See Logan v. Thomason, 146 Texas 37, 202 S.W. 2d 212; Moore v. Stark, 17 S.W. 2d 1037; Leatherwood v. Stephens, Texas Com. App., 24 S.W. 2d 819; Stenzel v. Fischer, Texas Civ. App., 195 S.W. 2d 254.

Our conclusions relative to the first two points passed upon by the Court of Civil Appeals render it unnecessary to decide the third. The subsequent employment of the attorney by the petitioners is no evidence that he was their attorney alone at any time prior to the first visit by all the parties to the attorney's office or at any time thereafter up to and including the time the partition deed, contract, and affidavit were executed. Moreover, we have held that fraud, does not exist in this case, therefore the question becomes immaterial.

■ We come now to consider the character of judgment to be entered by this Court. We have held that we cannot uphold the judgment of the Court of Civil Appeals on the points thus far discussed. It is necessary, though, to examine respondent's brief in the Court of Civil Appeals in order to determine the question of whether the judgment of the Court of Civil Appeals can be affirmed upon any other ground properly presented in that court. We find only one point that we need to consider. That point is:

"That the trial court erred in rendering judgment for the defendants and in overruling plaintiff's motion for new trial, because the verdict of the jury in answer to special issue No. 3[1] is against the great weight and overwhelming preponderance of the evidence."

The Court of Civil Appeals has held that the finding of the jury in answer to special issue No. 3 is against the great weight and preponderance of the evidence. If the pleadings and the evidence in this case had shown that special issue No. 3 was a justiciable issue, or if the record had shown a justiciable issue that had not been fully developed, this Court would have no alternative but to reverse and remand the cause to the trial court for a new trial. See Waggoner v. Herring-Showers Lumber Co., 120 Texas 605, 40 S.W. 2d 1. However, such is not the case. Our holding on the issues previously discussed renders special issue No. 3 immaterial and not controlling. There is no issue in the record that demands a reversal. The evidence was fully developed under the pleadings. The trial court rendered an errorless judgment. This Court cannot reverse an errorless judgment to afford an opportunity to replead or develop the facts. See National Life Co. v. McKelvey, 131 Texas 81, 113 S.W. 2d 160. Nor is this Court required to reverse and remand this cause for a new trial on a nonjusticiable issue.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered June 5, 1957.

Rehearing overruled July 10, 1957.

---

[1] "From a preponderance of the evidence do you find that the plaintiff, Mrs. Modena S. Cheatham, would not have signed the partition deed, the contract and affidavit, in evidence in this case, if such opinion and advice had not been given to her? Answer 'she would not have signed such instruments,' or 'she would have signed such instruments.' "