Odessa Halley WILLIAMS, Appellant,

v.

NATIONAL CREDIT CORPORATION, Appellee.

No. 16748.

Court of Civil Appeals of Texas.

Fort Worth.

June 24, 1966.

Rehearing Denied Sept. 9, 1966.

Cervin & Stanford, and Paul H. Stanford, Dallas, for appellant.

Henry Stollenwerck, Dallas, for appellee.

OPINION

MASSEY, Chief Justice.

The legal question presented is whether the appellant, who retained possession of a

lot in the City of Fort Worth after lien thereon was foreclosed in 1959 by prior judgment of a court of competent jurisdiction, may make a fact issue for trial in a subsequent proceeding involving title to the same property by advancing her claim thereto under the five year statute of limitation. V.A.T.S., Title 91, "Limitations", Article 5509, "Five years' possession".

Appellant concedes that if it had been by her deed to appellee's predecessor in title that her interest had passed to said predecessor she would not have the right to assert the five year statute of limitation, because the grantee would then be holding under her as successor to her right, title and interest in the chain of title to the realty. See Voight v. Mackle, 71 Tex. 78, 8 S.W. 623 (1888) and cases following.

However, appellant contends that since said predecessor acquired the title (which passed by its deed to the appellee) as the result of foreclosure and sheriff's sale she has the right to maintain her title under the five year statute of limitation since she was not dispossessed during such period.

■ Relative to the question posed on propriety of appellant's plea under the statute of limitation it is our opinion that no distinction may be made in an instance wherein there is a transfer of title by the free act and deed of a grantor and one in which there is an involuntary transfer pursuant to a "sheriff's sale" under or by virtue of a decree or judgment of a court of competent jurisdiction. In the latter instance a sale by the sheriff, etc., is as good and effectual to pass the title of parties bound by the judgment as any other means of transfer. V.A.T.S., Title 31, "Conveyances", Article 1295, "Conveyance by authorized officer."

■ The 1959 judgment of foreclosure was one to which appellant was a party. It directed the divestiture of her title and a sheriff's sale. There was such a sale and it was under and by reason thereof that appellee's predecessor acquired title. However, there was no attempt to acquire possession until after the expiration of five years. When there was the appellant filed suit in the form of trespass to try title and plead the five year statute of limitation premised upon instruments in the chain of title up to the time of the prior foreclosure suit. Pursuant to appellee's motion therefor, summary judgment was rendered. The only question before this court is whether appellant's plea in reliance on the five year statute of limitation inhibited entry of the decree. In accord with the holding of the trial court we likewise hold that appellant may not rely thereon. Summary judgment was properly rendered.

As authority for her contention the appellant cites only one case, McKenzie v. Grant, 93 S.W.2d 1160 (San Antonio Civ. App., 1936, writ dismissed). The opinion is lengthy and involved. The judgment of the Court of Civil Appeals was one which reversed the trial court for several reasons, none of which had any bearing upon the question here posed. Indeed, the language from the opinion upon which appellant relies was in favor of the party who lost before the appellate court. Therefore such language constitutes dicta. Furthermore, in such case the "former suit(s)" to which the language of the opinion related was an injunction suit wherein a party (in the position analogous to that of appellant) unsuccessfully sought to prevent the sale by the sheriff, and/or the foreclosure suit (on the strength of which the sheriff purported to make the sale) in which said party had not been joined nor made party to the judgment. Nothing in the language from the opinion is germane to the question posed on the instant appeal.

■ In general, judgment of a foreclosure suit against one in the position of appellant operates as a "legal estoppel" to a subsequent assertion of any title which did or might have existed in such party at time judgment was rendered in that case. In Freeman on Judgments, 5th Ed., § 868, "Avoiding Effect of Former Judgment", it

is stated: "Whenever, in an action for possession of realty, the question of title is put in issue by the pleadings, the judgment prima facie constitutes an estoppel to the assertion of any title which existed in the losing party at the time of the former suit, with the exceptions hereinafter noted." By reference to the exceptions so noted none is to be found having any analogy to the appellant's situation in the case before us. To the same effect is language in 34 Tex.Jur. 2d, p. 623, "Judgments", § 536, "(Rights concluded by prior judgment)—Rights to ownership of property", in which the estoppel is termed estoppel by judgment.

Judgment is affirmed.