Earl SMITH, Appellant.

v.

TEMPLE INDUSTRIES, INC., Appellee.

No. 671.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Sept. 27, 1972.

J. T. Maroney, Jr., Maroney & Cely, Lufkin, for appellant.

James R. Cornelius, Jr., John D. Stover, Renfrow Zeleskey, Cornelius, Rogers & Berry, Lufkin, Ward R. Burke, Burke & Leach, Diboll, for appellee.

TUNKS, Chief Justice.

This is a trespass to try title case. Temple Industries, Inc. was plaintiff in the trial court and Earl Smith was defendant. A non-jury trial resulted in a judgment for the plaintiff, Temple Industries, Inc., for title to the property in question. Earl Smith has appealed.

On October 17, 1953, Earl Smith, Travis Smith, and others were cotenants of a tract of land in the Juan Jose De Los Reyes League in Trinity County, Texas. On that date such cotenants, including Earl Smith, executed deeds effecting a partition of such jointly owned property. By such partition a certain 25.78 acre tract out of such property was set aside to Travis Smith. Travis Smith died intestate in 1957. On September 10, 1958, Travis Smith's survivors conveyed the 25.78 acre tract to D. C. Kenley. On September 11, 1958, D. C. Kenley conveyed to Southern Pine Lumber Company, now named Temple Industries, Inc.

The 25.78 acre tract was first identified and described as a separate and distinct parcel of land by a 1932 deed from Southern Pine Lumber Company to G. W. Smith and wife. The description in that deed included calls for certain natural and artificial monuments and, in part, followed the meanders of a well known stream, Cochino Bayou. It also recited the acreage of the tract described. There were various later deeds of such tract in which it was described either by reference to the 1932 deed and its recordation or by use of the same descriptive language as that in the 1932 deed. The tract lay to the south of and adjoined other land owned by Southern Pine Lumber Company. In 1952 Roland Goodrich, a surveyor in the employ of Southern Pine, surveyed its northern boundary line, the common boundary between it and the Southern Pine property. He found and identified evidences of such line as called for in the 1932 deed. His testimony clearly sustains a finding that the property here in controversy is the southern 15.38 acres of the 25.78 acre tract of which Temple Industries is now the record title owner through the instruments above mentioned.

The principal contention of Earl Smith is under Tex.Rev.Civ.Stat.Ann. art. 5510, the 10 year statute of limitations, which he pleaded. He testified that in 1947 he built an enclosure including a fence that ran generally in an east and west direction

across the 25.78 acre tract at such location that the portion of the tract to the south of such fence consisted of 15.38 acres and is the subject of this lawsuit. He further testified that he had farmed, cultivated and used this land as his own from the time of building this fence in 1947 to the date of the trial. Temple filed this suit on February 26, 1962, more than 10 years after the alleged building of the fence and the commencement of the adverse possession as to which Smith testified.

Smith's testimony as to the building of the fence and his farming, cultivation and use of the land was corroborated by disinterested witnesses. However, the Temple surveyor, Goodrich, testified that when he surveyed the northern line of the property in 1952 he did not see the fence which Smith said he had built in 1947. He also testified that he saw a fence at such location in 1960, but that it was a new fence. He saw no evidence of an old fence at such location. The trial judge filed findings of fact and conclusions of law. One of the findings is to the effect that such fence was not built until after the October 17, 1953 partition deed. There is no recited finding upon the basic issue of adverse possession by Earl Smith. No additional findings were requested.

■ Between 1947, the date at which Earl Smith contends that he built the fence which was evidence of his adverse possession of the 15.38 acres here in question, and October 17, 1953, the date of the partition deed, Earl Smith and Travis Smith and others were cotenants as to such tract. Earl Smith's fencing, farming, cultivation and use of the land during that period was consistent with his rights as cotenant. It was not, of itself, proof of such possession of the property as would start the running of limitations as against the other cotenants, including Travis Smith, Temple's predecessor in title. Todd v. Bruner, 365 S.W.2d 155 (Tex.Sup.1963); Poenisch v. Quarnstrom, 361 S.W.2d 367 (Tex.Sup. 1962). There is no showing in the record that during such period (1947 to 1953) Earl Smith so clearly repudiated the title of his cotenants as to make his possession adverse to them. Such six year period cannot, therefore, be included as part of the 10 year term of adverse possession required under art. 5510 to defeat Temple's title. Since this suit was filed in less than 10 years after the cotenancy ended, Earl Smith's claim of limitations fails.

■ There is another reason on the basis of which Earl Smith's claim of adverse possession for 10 years must be denied, even if he be considered as having been in possession adverse to Travis Smith between 1947 and 1953. Having executed the partition deed on October 17, 1953 he can not successfully claim any rights against Travis Smith or his successors which rights are based in whole or in part upon possession prior to the date of such partition deed. Evans v. Templeton, 69 Tex. 375, 6 S.W. 843 (1887); Miller v. Crum, 314 S.W.2d 389 (Tex.Civ.App.-Fort Worth 1958, no writ); Wilkins v. Abercrombie, 162 S.W.2d 445 (Tex.Civ.App.-Waco 1942, no writ). And see Williams v. National Credit Corporation, 405 S.W.2d 858 (Tex.Civ.App.-Fort Worth 1966, writ dism'd) wherein it was held that one seeking to establish title under the 5 year statute of limitations, as against a successor of the grantee under a sheriff's sale, which claim was premised upon possession under a deed dated prior to the sheriff's sale, could not prevail.

Appellant argues that the above cited cases are not authoritative here because they involve deeds by which title to property was transferred to a grantee whereas the relevant instrument here is a partition deed. The partition deed executed by Earl Smith did not transfer or convey title in the 25.78 acre tract to Travis Smith. Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299 (1960). Travis Smith, along with others, already had title to such property. The instrument did, however, effectively partition the joint possessory rights that

had theretofore existed, and dissolve the tenancy in common. Houston Oil Co. of Texas v. Kirkindall, 136 Tex. 103, 145 S. W.2d 1074 (1941). Earl Smith can not successfully claim title (or defeat Temple's claim) on the basis, in whole or in part, of his possession prior in time to the date of such partition instrument.

 Finally, the appellant contends that the parties to the October 17, 1953 partition deed were mutually mistaken as to the boundaries of the tract set aside therein to Travis Smith. As alternative relief he asks that, in the interest of justice, this case be remanded "so that the deed may be reformed to reflect the parties' true intention as to the boundary between the Earl Smith tract and Travis Smith tract." No such theory of recovery was pleaded in the trial court and appellant does not here contend that the trial court erred with respect thereto. This Court has no authority to reverse and remand an errorless judgment so that a case may be tried on a new and different theory. Franke v. Cheatham, 157 Tex. 397, 303 S. W.2d 355 (1957). Our discretionary authority to remand in the interest of justice exists only in the situation in which the record would authorize a reversal and rendition.

The judgment of the trial court is affirmed.