Lorena **HAAG**, Appellant,

v.

Barbara Haag **PUGH** et al., Appellees.

No. 4959.

Court of Civil Appeals of Texas, Eastland.

Nov. 24, 1976.

Rehearing Denied Dec. 23, 1976.

Charles M. Beacham, San Antonio, Walter Groce, Corpus Christi, for appellant.

Moses Goldberg and Steven Sinkin, Southers, Goldberg, Lyons & Huson, Inc., San Antonio, for appellees.

McCLOUD, Chief Justice.

Plaintiffs, Barbara Haag Pugh, Edmund F. Haag, Jr., and Marvin Haag, sued defendant, Lorena Haag, to set aside a family settlement agreement dated September 5, 1973, distributing the Estate of Edmund F. Haag, Sr., who died intestate. The trial court, in a nonjury trial, set aside the settlement agreement. The court awarded plaintiffs their vested share of the estate as it existed at the time of the death of Edmund F. Haag, Sr. The judgment awarded plaintiffs the sum of $19,976.43, with interest at the rate of six percent from the date of Haag's death until the date of judgment. Defendant, Lorena Haag, appeals. We reform the judgment and, as reformed, affirm.

Edmund F. Haag, Sr., died intestate on January 25, 1973, and was survived by his wife, Lorena Haag, and three children, Barbara Haag Pugh, Edmund F. Haag, Jr., and Marvin Haag, by a former marriage. Subsequent to the death of Edmund F. Haag, Sr., all of the parties met with and employed an attorney regarding the disposition of the estate.

At the time of the death of Edmund F. Haag, Sr., his estate consisted of numerous bank accounts, savings accounts, and certificates of deposit. Sixteen of these accounts were established in one of the following designations: (1) Edmund F. Haag, Sr.; (2) Lorena Haag; or (3) Edmund F. Haag, Sr., or Lorena Haag.

The trial court court concluded that the plaintiffs and defendant entered into the settlement agreement under a mutual mistake of fact that the bank accounts, savings accounts, and certificates of savings designated Edmund F. Haag or Lorena Haag with the right of survivorship to Lorena Haag, survived to defendant, and that plaintiffs had no legal rights to one-half of such accounts. The court concluded that these accounts did not validly create a right of survivorship in defendant, and that the

balance of such accounts should be distributed according to the laws of intestate succession. The trial court also concluded that the account designated "Lorena Haag" did not survive to Lorena Haag and the balance of that account should be distributed according to the laws of intestate succession. The principal holding of the court was that the family settlement agreement of September 5, 1975, should be set aside because it was entered into on the basis of a mutual mistake of fact. The court also held there was a failure of consideration to the extent the plaintiffs received nothing that they were not otherwise entitled to receive under the laws of intestate succession. The trial court filed extensive findings of fact and conclusions of law.

Defendant's first and second points of error are as follows:

*"First Point—*

The trial court erred in failing to hold that the contract partitioning the estate of EDMUND HAAG, Sr., made and executed by all of the parties on September 5, 1973, constituted a valid partition of all of the estate of EDMUND HAAG, Sr. and could not be set aside for want of consideration.

*Second Point—*

The trial court erred in its holding that there was a failure of consideration on the settlement agreement of September 5, 1973 to the extent that plaintiff (appellees) received nothing that they were not otherwise entitled to receive under the laws of intestate succession. (Conclusion of Law No. 20)."

Defendant's first point fails to comply with Rule 418, T.R.C.P. We have reviewed the statement and argument under the point as required in *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478 (1943), but nevertheless, conclude the point is too general and is insufficient to direct our attention to any particular error relied upon. *Missouri-Kansas-Texas Railroad Co. v. McFerrin*, 156 Tex. 69, 291 S.W.2d 931 (1956); *Smith v. Weindorff*, 287 S.W.2d 740 (Tex.Civ.App.—Beaumont 1956, no writ); *DeBusk v. Guffee*, 171 S.W.2d 194 (Tex.Civ.

App.—Eastland 1943, no writ); *Permian Corporation v. Trumbull Asphalt Co. of Delaware,* 472 S.W.2d 555 (Tex.Civ.App.—Corpus Christi 1971, no writ); *Maryland Casualty Company v. Goetz,* 337 S.W.2d 749 (Tex.Civ.App.—Amarillo 1960, no writ).

We do note, however, that the case of *Franke v. Cheatham,* 157 Tex. 397, 303 S.W.2d 355 (1957) relied upon by defendant did not involve mutual mistake and, therefore, is not controlling.

Defendant's second point complains of the trial court's holding that there was a failure of consideration.

■ The principal holding of the trial court was the agreement should be set aside because of a mutual mistake of fact. The defendant failed to properly complain of this holding by the trial court.

In *Williams v. Cassel,* 515 S.W.2d 403 (Tex.Civ.App.—Austin 1974, no writ), the court said:

". . . Where the judgment of the court rests upon two or more independent grounds, and appellant does not attack each, the judgment should be affirmed as resting on a ground not brought forward as error. *Midway National Bank of Grand Prairie v. West Texas Wholesale Supply Co.,* 453 S.W.2d 460 (Tex.Sup. 1970); *State Farm Mutual Automobile Insurance Co. v. Cowley,* 468 S.W.2d 353 (Tex.Sup.1971); *Dorbandt v. Jones,* 492 S.W.2d 601 (Tex.Civ.App.1973, writ ref'd n.r.e.)."

We, therefore, affirm the judgment of the trial court as to the award of $19,976.43.

■ Defendant also complains of the award of prejudgment interest from January 25, 1973. By cross-point, plaintiffs contend the court erred in applying a six percent interest rate rather than nine percent. They point out that effective September 1, 1975, Article 5069–1.05, Tex.Rev.Civ.Stat. Ann., was amended to provide interest at nine percent. The rule regarding a change in the statutory rate of interest is stated in 25 C.J.S. Damages § 92(1) as follows:

"*Change of legal rate.* In cases where interest is allowed as damages, and not by reason of a contract, express or implied, for its payment, the interest for each period must be computed at the rate which was legal during that period, and statutes changing the rate will operate prospectively only. If the rate has been changed after the wrongful act or injury complained of, but before final determination, the interest should be computed at the former rate up to the time of the change in the law, and at the latter rate for the period thereafter."

We think the proper rule to be applied in a case of this nature was approved in *In re Baldwin's Estate,* 311 Mich. 288, 18 N.W.2d 827 (1945) wherein the court said:

"The general rule applicable is well stated in *Second & Third St. Pass. Railway Co. v. City of Philadelphia,* 51 Pa. 465, viz.:

'The rule seems therefore to be this, that when a mutual mistake occurs between the payer and receiver of a sum of money, by which the whole has not been paid, or too much has been received, interest is not recoverable on the sum so withheld or received, unless it has been unjustly withheld or unjustly received. The party retaining the money by mistake, may well rely on the acquittance received or given, until the injured party makes known his claim and demands correction and payment. After such demand, if it be refused, and it turns out there was money due which ought to have been paid, it will bear interest from demand until paid. If there were concealment or design to mislead and withhold interest, interest would be recoverable for all the time. This is the doctrine of the cases; they turn on an unjust or innocent and mistaken withholding; in the former case interest is recoverable, in the latter it is not.'

We therefore hold that the executor should be surcharged with interest on $10,000 only from the date of demand in 1942."

The instant case involves an innocent and mistaken withholding pursuant to a contract between the parties.

The only proper demand made by plaintiffs in the record before us was made in plaintiffs' second original amended petition which was filed October 16, 1975. The prejudgment interest, therefore, should run from October 16, 1975, to December 2, 1975, the date of judgment, at the rate of nine percent per annum. We have calculated the interest to be $229.72.

The prejudgment interest of $3,395.98, as found by the trial court, is reformed to be in the amount of $229.72. The judgment as reformed is affirmed.