**Berta Graham LEON, Appellant,**

v.

**Ollie K. KEITH, et vir., Appellees.**

**No. 10–86–194–CV.**

Court of Appeals of Texas,
Waco.

June 25, 1987.

Rehearing Denied July 23, 1987.

Donald Eastland, Eastland & Crow, Hillsboro, Lisa H. Douglas, Sheehy, Lovelace & Mayfield, P.C., Waco (on appeal only), for appellant.

Douglas R. Drucker, Sullivan, King & Sabom, Houston, for appellees.

## OPINION

THOMAS, Justice.

This is a suit for the breach of a family-settlement agreement and for actionable fraud. The court abated and dismissed the proceeding without giving any reason for its action. The principal question to be decided is whether a family-settlement agreement can only be entered into by the beneficiaries named in a will. The holding is that an heir of a testatrix, although not a beneficiary of her will, can enter into such an agreement with the will's sole beneficiary. A companion holding is that a suit by the heir for the breach of the alleged agreement is not a collateral attack on the decree probating the will. The judgment will be reversed and the cause remanded for a trial on the merits.

Mildred Lollier died in California on October 23, 1983. Her only heirs at law were two surviving sisters, Ollie Keith and Margaret Leathers, and her niece, Berta Leon, the daughter of a deceased sister. Lollier's holographic will, which was admitted to probate in California on January 11, 1985, named Ollie Keith as the sole beneficiary of her estate. Berta Leon, Lollier's niece, filed suit in Hill County against Ollie Keith and her husband, James Keith, on June 7, 1985. She alleged that she had entered into a family-settlement agreement in California with Ollie Keith and Margaret Leathers under which Lollier's will would be probated, with James Keith acting as executor, and the estate divided equally between her, Ollie Keith and Margaret Leathers. The agreement, she alleged, was entered into before Lollier's death and was later confirmed by the parties in California shortly after the funeral. Leon also alleged that Ollie and James Keith had committed actionable fraud by making false representations of their intent to abide by the agreement and to distribute her share of the estate. She sued for $100,000 or more, which she alleged to be the minimum value of a one-third interest in Lollier's estate, plus $200,000 in exemplary damages for fraud. Ollie Keith denied that she had ever entered into a family-settlement agreement.

The Keiths filed an amended plea in abatement on June 23, 1986, in which they asserted that Leon's suit was a collateral attack on the California degree that probated Lollier's will. They also alleged that her suit was barred by the doctrine of collateral estoppel. The court abated and dismissed the proceeding on July 22.

█ The first issue to be determined is whether, as the Keiths argue on appeal, only the beneficiaries named in a will can contract to divide an estate among themselves differently from the division provided in the will. The Keiths argue that Leon, who was an heir of Lollier but not a beneficiary in her will, could not enter into such an agreement or sue for its breach. They rely on the decision in *Manning v. Sammons*, 418 S.W.2d 362, 367 (Tex.Civ.App.—Fort Worth 1967, writ ref'd n.r.e.), in which the court stated:

> It would only be between 'beneficiaries' that agreement for a distribution of the estate of a decedent in a manner other than the provision therefor made by will would become enforceable, no others having an interest which would be a proper subject to a compromise and settlement of the respective claims.

The court in *Manning* also held that a suit to enforce a settlement agreement with the sole beneficiary under a will was a collateral attack on the decree probating the will. *Id.* One cannot tell from the opinion in *Manning* whether the plaintiff, who was not a beneficiary in the will, was an heir of the testatrix. Leon contends that Texas law favors family-settlement agreements between the heirs and devisees of a decedent.

The right of an heir to enter into a family-settlement agreement is well established. Texas law has, since at least 1897, recognized an heir's right to contract to divide a decedent's estate under the law of descent and distribution rather than as specified in the will. *Stringfellow v. Early*, 15 Tex. Civ.App. 597, 40 S.W. 871, 874 (1897). The Texas Supreme Court has recognized this right in a series of opinions. *See Salmon v. Salmon*, 395 S.W.2d 29, 32 (Tex.1965); *Cook v. Hamer*, 158 Tex. 164, 309 S.W.2d

54, 56 (1958); *Franke v. Cheatham,* 157 Tex. 397, 303 S.W.2d 355, 357–58 (1957); *Wade v. Wade,* 140 Tex. 339, 167 S.W.2d 1008, 1010 (1943). The settlement agreement in *Salmon* was between heirs of the testatrix who were not beneficiaries in the will and heirs who were beneficiaries. *Salmon,* 395 S.W.2d at 30. The decision in *Manning,* to the extent the court held that only beneficiaries under a will can enter into a family-settlement agreement, is rejected as clearly erroneous.

■ Leon plead the breach of a family-settlement agreement and actionable fraud. She did not plead "extrinsic fraud", as the Keiths insist, or attack Lollier's will or the decree probating it. Assuming that Leon can establish the existence and breach of a settlement agreement in a trial on the merits, the terms of that contract will determine her right to recover. See *Franke,* 303 S.W.2d at 358. Recovery of damages for actionable fraud, if any, will be determined by principles governing that cause of action. Questions relating to the validity of Lollier's will and the California probate decree are irrelevant to Leon's right of recovery or to the issues before the court in Hill County. *See id.* She can bring the suit regardless of whether the will or the probate decree are ever set aside. *See id.* Furthermore, because the California decree is irrelevant to her right of recovery, she is not collaterally estopped by it. Therefore, that portion of the *Manning* opinion, in which the court held that a suit based on a settlement agreement with the sole beneficiary of a will is a collateral attack on the probate decree, is also rejected as erroneous. To hold otherwise would mean that Leon, who had a right to enter into a settlement agreement, could not sue for its breach without first establishing her right to recover under the will.

The court erred when it abated and dismissed the proceeding. *See id.* Leon's sole point of error is sustained, the judgment is reversed, and the cause is remanded for a trial on the merits. The Keith's cross-point, in which they claim the court erred when it admitted evidence at the hearing on Leon's motion for a new trial, is also overruled.