*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-09-00552-CV

**IN RE ESTATE OF** Nora G. **MONTEMAYOR**

From the County Court at Law No 2, Webb County, Texas
Trial Court No. 2001PB7000088-L2
Honorable Jesus Garza, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  July 21, 2010

AFFIRMED IN PART; REVERSED IN PART

Jose A. Montemayor, III appeals a series of orders signed by the trial court in a probate matter.  Jose contends the trial court erred by: (1) authorizing the purchase of real property from the estate by two of the beneficiaries, Nora I. Montemayor and Gerardo Montemayor, at a price that was previously rejected by the trial court and was less than the appraised value of the property; (2) authorizing Nora and Gerardo to pay the purchase price for the property by taking a credit against their respective interests in the estate; (3) denying Jose's motion to require Nora and Gerardo to pay rent for their use of the properties; and (4) valuing the total estate without sufficient evidence to support the value.  We affirm certain orders of the trial court and reverse other orders.

**BACKGROUND**

After Nora G. Montemayor died testate, controversies arose between and among her four beneficiaries, Jose, Nora, Gerardo, and Armando Montemayor. Armando died while the controversy was on-going. After mediation, Jose, Nora, Gerardo, and Armando's estate representative signed a Family Settlement Agreement on September 14, 2007. The Family Settlement Agreement provided that any of the beneficiaries could offer to purchase any of four tracts of real property "for a period of 30 days after the execution of" the Agreement. The offer was to be made "through the Court." The other beneficiaries then had the right to counter any offer "received by the Court" for a period of 10 days from the communication of the initial offer. After the 10-day period expired, the trial court would determine which offer was the best offer and approve such offer. Any properties not purchased by the beneficiaries pursuant to the terms of the Agreement were to be sold by Royle Wright; however, the beneficiaries would have a right of first refusal prior to any sale by Wright. The Agreement further provided that any beneficiary in possession of any of the properties to be sold would allow reasonable access by Wright for purposes of showing the properties to potential purchasers.

The Agreement also contained provisions relating to the proceeds from the sales of the properties. The Agreement stated that the net proceeds from the sales would be deposited into the registry of the court. Prior to the distribution of any monies from the registry of the court, the Agreement stated that all expenses relating to the estate would be paid, including certain attorney's fees. After all of the expenses were paid, the Agreement provided for a final distribution from the registry after taking into account certain advancements received by the beneficiaries prior to the execution of the Agreement. Specifically, the Agreement stated, "After taking into account the advancements[,] each party shall receive a distribution from the registry

of the Court in an amount after which distribution to all the parties will result in each party receiving an equal distribution from the Estate of Nora Gonzalez Montemayor."

The introductory clause of the Agreement stated that the parties entered into the Agreement on September 14, 2007. The Agreement concluded, "This Settlement Agreement shall take effect and become binding on all of the undersigned as of the above mentioned date."

By letter dated October 15, 2007, Nora offered to purchase one of the tracts of real property located at 2301 Kearney Street for $115,000.00. In that same letter, Gerardo offered to purchase the tract of real property located at 2201 Grant Street for $180,000.00. The trial court initially rejected the offers; however, the trial court subsequently approved the offers at a later hearing. The trial court's order stated that the offers were tendered in accordance with the Agreement, and the trial court granted Nora and Gerardo's motion to enforce the Agreement. The trial court's order further stated that the property was required to be sold within thirty days and stated the terms of the sale as "Cash." After a few additional hearings, the trial court signed an order valuing the estate at $522,492.33, and deducting the sales price for the property being purchased from Nora's and Gerardo's respective interests in the estate. Because Gerardo's interest in the estate was less than the purchase price for the property he was purchasing, the trial court's order stated, "Gerardo Montemayor is ordered to submit the $48,000 in cash into the registry of the Court no later than August 14, 2009. Failure to do so will void the said agreement as it relates to Gerardo Montemayor. The warehouse [which was the property Gerardo was purchasing from the estate] shall be subject to sale thereafter."

**DISCUSSION**

The right of beneficiaries to enter into a family settlement agreement to divide an estate has been recognized under Texas law since at least 1897. *Leon v. Keith*, 733 S.W.2d 372, 373

(Tex. App.—Waco 1987, writ ref'd n.r.e.). Settlement agreements are construed according to the rules applicable to contract interpretation. *Nevarez v. Ehrlich*, 296 S.W.3d 738, 742 (Tex. App.—El Paso 2009, no pet.); *Alamo Community College Dist. v. Miller*, 274 S.W.3d 779, 785 (Tex. App.—San Antonio 2008, no pet.). The interpretation of an unambiguous contract is a question of law that we review *de novo*. *MCI Telecommunications Corp. v. Texas Utilities Elec. Co.*, 995 S.W.2d 647, 650-51 (Tex. 1999); *Wade & Sons, Inc. v. American Standard, Inc.*, 127 S.W.3d 814, 824 (Tex. App.—San Antonio 2003, pet. denied).

In construing a written contract, the court's primary concern is to ascertain the parties' true intentions as expressed in the instrument. *Nevarez*, 296 S.W.3d at 742; *Alamo Community College Dist.*, 274 S.W.3d at 784. We examine and consider the entire writing and attempt to harmonize and give effect to all the provisions of the contract by analyzing the provisions with reference to the whole agreement. *Nevarez*, 296 S.W.3d at 742; *Alamo Community College Dist.*, 274 S.W.3d at 784-85.

We initially consider whether Nora's and Gerardo's offers were timely. As previously noted, the Agreement permitted the beneficiaries to make offers "for a period of 30 days after the execution of" the Agreement. "Under the law of Texas and most other states, when time is to be computed from or after a certain day or date, the designated day is to be excluded, and the last day of the period is to be included unless a contrary intent is clearly manifested by the contract." *In re Neutral Posture, Inc.*, 135 S.W.3d 725, 729 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding); TEX. GOV'T CODE ANN. § 311.014(a) (Vernon 2005); TEX. R. CIV. P. 4. Because Nora and Gerardo had 30 days after September 14, 2007 to make their offers, the offers made by them on October 15, 2007, were timely.

Jose contends that the trial court could not accept the offers because the doctrines of res judicata and collateral estoppel prevented the court from reconsidering the offers after the trial court initially rejected the offers. First, we question whether the Agreement gave the trial court the discretion to reject the offers. In the event a beneficiary made an offer, the only discretion the trial court was given in the Agreement was to determine which offer was the best offer if a counter-offer was made. Moreover, a final judgment is necessary for the application of both collateral estoppel and res judicata. *See Moyer v. Boyer*, 811 S.W.2d 560, 562 (Tex. 1991); *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 595 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Accordingly, an interlocutory order in the same suit cannot have a res judicata or collateral estoppel effect because such an order is not final. *See Williams v. Houston Firemen's Relief & Retirement Fund*, 121 S.W.3d 415, 437 n.21 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

Jose also complains that the trial court erred in accepting the offers because they were less than the appraised value of the property. The Agreement, however, did not place any requirements on the amount a beneficiary could offer to purchase any of the tracts of real property. Accordingly, once the trial court determined that the offer was properly made in accordance with the terms of the Agreement, the trial court was required to approve the offer absent a counter-offer by one of the other beneficiaries.

Jose additionally complains that the trial court erred in crediting the sales price against Nora's and Gerardo's interests in the estate. We agree. Under the terms of the Agreement, the net proceeds from the sales of the properties were to be deposited into the court registry. The net proceeds could then be distributed to the beneficiaries only after all estate expenses were paid. Accordingly, the Agreement did not give the trial court the discretion to credit the net proceeds of a sale against a beneficiary's interest in the estate. Because the trial court erred in crediting

the sales price against Nora's and Gerardo's interests in the estate, we do not address Jose's complaint that the trial court's valuation of the estate was not supported by sufficient evidence. TEX. R. APP. P. 47.1 (opinions must be as brief as practicable and address only issues necessary to final disposition of the appeal).

Finally, Jose complains that the trial court erred in ordering that Nora and Gerardo were not required to pay rent to the estate for their use of the properties they sought to purchase. Although the Agreement expressly contemplated beneficiaries being in possession of the tracts of real property to be sold pursuant to the terms of the Agreement, the Agreement did not provide that the beneficiaries were required to pay rent for their use of such property. Accordingly, the trial court did not err in determining that Nora and Gerardo were not required to pay rent.

CONCLUSION

The trial court's Order on Motion to Determine Rent Due the Estate is affirmed. The portions of the trial court's Amended Court Order approving the sale of the 2301 Kearney Street property to Nora for $115,000.00 cash and approving the sale of the 2201 Grant Street property to Gerardo for $180,000.00 cash are affirmed; however, the portion of the trial court's Amended Court Order authorizing Gerardo to deposit only $48,000 from the net proceeds of the sale into the court registry is reversed. The trial court's Order Granting Motion to Determine Value of the Estate and to Credit Nora Montemayor's and Gerardo Montemayor's Share from Sale Proceeds is reversed. The cause is remanded to the trial court for further proceedings.

Catherine Stone, Chief Justice