## KEAN v. COTTEN.

### No. 4837.

Court of Civil Appeals of Texas. Beaumont.
Oct. 2, 1952.

Rehearing Denied Dec. 12, 1952.

V. A. Collins, Livingston, for appellant.

Adams, Browne & Sample, Beaumont, for appellee.

R. L. MURRAY, Justice.

This suit was begun as a divorce suit filed by Christine Cotten, appellee, against John W. Cotten in the Criminal District Court of Jefferson County. As a part of her pleadings in the suit for divorce, the appellee alleged that she and John W. Cotten during their marriage accumulated a home in Beaumont, Jefferson County, Lot 2, Block 8 of the Lamar Addition to the City of Beaumont, and had paid for it with the exception of approximately $720, and prayed that said home be set aside to her. The Criminal District Court heard the divorce part of the lawsuit, awarding the appellee a divorce, the custody of two minor children and payments for their support. The suit in so far as it concerns the title and possession of the land was transferred to the 58th District Court where it was tried.

The appellant Velma Kean was made a party to that suit. She was the mother of the appellee's former husband, John W. Cotten. Appellee alleged that she and her former husband had made a verbal agreement with his mother, the appellant Mrs. Velma Kean, to buy the house and lot for $1,800, which sum was to be paid at the rate of $30 per month; that they entered in possession of the place and thereafter made valuable improvements on the place and continued to make the payments as agreed, and tendered on trial the balance of the unpaid purchase price. The tender was refused. She also alleged a conspiracy between John W. Cotten and Velma Kean to frighten and embarrass her and keep her from obtaining her interest in the property sued for. Defendant John W. Cotten filed no answer and filed no pleadings herein. It was stipulated between the parties that if the evidence in the case showed that John W. Cotten and Christine Cotten had acquired an interest in the property from Velma Kean, appellee was entitled to a judgment against him for her homestead rights and for use and occupation of the premises for herself and children. The case was tried to a jury and in its verdict the jury found, in answer to Special Issues submitted, that (1) appellant Velma Kean agreed to sell to Christine Cotten and John W. Cotten the property in suit; (2) after making said agreement to purchase Christine Cotten and John W. Cotten entered in possession of the property; (3) after entering in possession John W. Cotten and Christine Cotten made valuable improvements on the property; (4) and that the balance of the purchase price due Velma Kean was $720.

On this verdict and on the stipulation, the court entered judgment in favor of the appellee that she have a life estate in John W. Cotten's one-half undivided interest in the property and that she herself had an undivided half interest in the property, and the same was set aside as a homestead for the use and benefit of the appellee so long as she lives.

The appellant has duly perfected her appeal to this court for review.

Both parties filed extensive briefs and the appellant filed a reply brief. In the reply brief the appellant has in effect summarized her contentions on the appeal: "We recognize the rule that the evidence of appellee might prevail over the evidence of the other two, and briefed it on the theory that even with a verbal contract to purchase the property from appellant, to sustain and enforce such verbal contract, it was necessary to prove that the claimant under the verbal contract must have made valuable improvements on the land. Such improvements must be made with means not derived from rentals on the property. Rentals from the property before it is paid for belong to the owner of the property, and the claimant under the verbal contract creates no equity in himself by using rentals from the property to make improvements." The appellant and her son both testified that no agreement to sell was made but the appellant in one portion of her testimony testified that she had offered to sell to the couple for $1,800 and it was first refused and later she had given to her son the deed by which she purchased the property and told him to fix up the deed to himself and appellee whenever he wanted to. The appellee on the other hand testified that the agreement was made and that they paid on the note as agreed. Appellee further testified, and all parties also testified to this, that they needed some plumbing fixtures in the house and they bought some and were paying $10.60 per month on the plumbing fixtures and while they were paying out that debt, by agreement with the appellant, they paid her only $20 per month. She also testified that after they moved into the house, which was in a run down condition, her husband did the work of putting in the bathroom fixtures and bought pipe and piped water into the house, put a new concrete foundation under the house, painted the house inside and out, put ceiling in the house and put in screens and windows in the house. The appellant ignores in her brief the painting and the screening and work done on the installation of plumbing fixtures as being a part of what was done in the way of making valuable improvements on the place

and argues that there was no making of valuable improvements sufficient to support this judgment enforcing a parol sale of the land. We disagree. We believe the law is well settled in Texas that to relieve a parol sale of land from the operation of the statute of frauds, three elements are essential: payment of the consideration, possession by the vendee and the making of valuable and permanent improvements with the consent of the vendor, or, in the absence of such improvements, such other facts as would make the transaction a fraud if it were not enforced. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A. L.R. 216. There is no definite measure of how valuable such improvements must be in order that they be sufficient. The courts hold, however, that such improvements must be substantial and of a character to add materially to the value of the property and whether they are substantial and of such character is a fact issue. See 21 Tex.Juris., p. 38 and cases cited.

 We believe the evidence here is sufficient to show valuable improvements to the property involved, even without the monetary payments made, out of the $30 per month payments, on the debt for plumbing fixtures. The appellant's argument is that since the evidence here showed only an agreement to pay $30 per month to the appellant on the $1,800 purchase price and that since the only valuable improvements made was the series of payments of $10.60 per month, then there was no evidence to support the jury's verdict that the Cottens had made valuable improvements. But the evidence goes beyond this, as we have mentioned above. According to the testimony of the appellee, Mrs. Kean agreed after Mr. and Mrs. Cotten had gone into possession of the place and had found out they could put a bathroom in, that "I know that you all don't have very much money, and until you get on your feet a little bit you can take $10 per month off the notes and put in a bath room and when they had finished the bathroom fixtures they could increase the payments on the house back until they had paid the $1,800." They then did the work as we have mentioned above,

which constituted valuable, permanent improvements on the property.

Appellant contends that the evidence was wholly insufficient and that there was no evidence of any making of valuable improvements and that for this reason the judgment should be reversed and rendered. Appellant states in her original brief that while she has many assignments predicated upon the admission of inadmissible evidence she did not urge them because she did not want the case reversed and remanded, but wanted it reversed and rendered. We believe that the appellant has waived all assignments except those urged in her brief and we have considered them and they are overruled.

Affirmed.