**Bobby WILLIAMS et ux., Appellants,**

v.

**Oscar A. CASSEL et ux., Appellees.**

No. 12166.

Court of Civil Appeals of Texas, Austin.

Oct. 30, 1974.

Malcolm Robinson, Hooper & Robinson, Austin, for appellants.

Emmett Shelton, Shelton & Shelton, Austin, for appellees.

PHILLIPS, Chief Justice.

The primary question before us is whether appellants have an easement of egress and ingress over appellees' land.

In 1960 appellants acquired a tract of land in Bastrop County from the Tucks. Appellees acquired their property from the Tucks in 1969. Appellees' property adjoins that of appellants.

The record discloses that in 1962 appellants had brought suit against the Tucks in Cause No. 12,287 styled Bobby Williams, et ux. v. Tuck and that a judgment in this case is of record in Volume "Q" at page 94 of the judgment records of Bastrop County. Appellees, in their answer to the suit at bar, contend that the issue before the court with respect to the easement was litigated and disposed of in Cause No. 12,287.

After trial to the court, the court entered judgment for appellees holding that appellants were not entitled to any character of easement over the lands of appellees. We affirm this part of the judgment. The court further held that the same and identical issue of an easement over the appellees' lands had been disposed of in the previous law suit. (Cause No. 12,287)

Appellants are before us on three points of error, the first two being the error of the court in failing to find that appellees had constructive notice of an easement over their property in favor of appellants; and in failing to find that appellees had actual notice of an easement over their property in favor of appellants.

In our judgment we must overrule these points under either of two theories. In the first place, the judgment of the court finding that the question of an

easement had been disposed of in a prior lawsuit has not been appealed to this Court. Although appellants assigned this holding as error in their motion for new trial, they have not complained of it before this Court. All assignments of error not brought forward as points of error in an appellant's brief are waived. Texas Co. v. State, 154 Tex. 494, 281 S.W.2d 83 (1955); City of Deer Park v. State, 275 S.W.2d 77 (Tex.Sup.1954). Where the judgment of the court rests upon two or more independent grounds, and appellant does not attack each, the judgment should be affirmed as resting on a ground not brought forward as error. Midway National Bank of Grand Prairie v. West Texas Wholesale Supply Co., 453 S.W.2d 460 (Tex.Sup. 1970); State Farm Mutual Automobile Insurance Co. v. Cowley, 468 S.W.2d 353 (Tex.Sup.1971); Dorbandt v. Jones, 492 S.W.2d 601 (Tex.Civ.App.1973, writ ref'd n. r. e.).

In the next place, we hold that appellants wholly failed to establish an easement. Appellants contend that the following portion of their deed from the Tucks establishes an easement over a portion of the property now held by appellees (as subsequent assignees of the Tucks):

"Commencing at a point in the south right-of-way of State Highway # 71, said point being a concrete highway marker and point of tangent of curve at station #1016+78.3, as described in that instrument recorded in vol. 145, pages 13–16 of the deed records of Bastrop County, Texas.

Thence north 89° 16' east thirty feet (30) *to the east line of a proposed road* and point of beginning. *Said proposed road being on the prolongation of the east line of the Perkins Road and at right angles to the center line of State Highway # 71 at Highway Station 1017 + 08.3 . . .*

Thence south 89° 16' west 1535 feet *to the east line of a proposed road and a point for corner.*

*Thence with the east line of a proposed road . . .*" (Emphasis added)

■ We cannot agree with appellants' contention that the calls mentioning a proposed road in the abovementioned deed of themselves established an easement, nor can we agree with the following from appellants' brief: "Needless to say, at this time (1962) Grady Tuck, Sr. and Grady Tuck, Jr. could not have been heard to say that the Williams did not have a tract of land on a road which covered the easterly portion of their property which they retained."

■ Where one is relying on a grant to establish an easement, such a right, which is an interest in land, must be expressly conveyed. Anderson v. Tall Timbers Corp., 378 S.W.2d 16 (Tex.Sup.1964). There is no evidence before us to support any of the exceptions to this rule stated in *Tall Timbers*. We hold that the references to the proposed road were for descriptive purposes only. Also see City of Brownsville v. West, 149 S.W.2d 1034 (Tex.Civ. App.1941, writ dism'd jdgmt cor.) wherein the Court reached the same result with the words "proposed park."

By their last point of error, appellants also complain of the trial court's severance of appellees' counterclaim for damages. We sustain this point.

The record reveals that appellees, by way of counterclaim, sought an injunction against further suits by appellants, and damages occasioned by " . . . facetious, vexatious and harrassing [sic] law suits . . ." The respective causes were tried and submitted to the court on November 12, 1973. In its judgment of December 10, 1973, the trial court granted the injunction and, upon its own motion, ordered a severance of that part of appel-

lees' counterclaim relating to their cause of action for damages.

The relevant portion of Rule 41, Texas Rules of Civil Procedure, which concerns severances, provides:

" . . . actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action, *before the time of submission to the jury or to the court if trial is without a jury,* on such terms as are just. Any claim against a party may be severed and proceeded with separately." (Emphasis added)

We recognize that under this rule, a trial court has broad discretion in questions of severance, and that its action should not be disturbed on appeal unless there has been an abuse of that discretion prejudicial to a complaining party. Parker v. Potts, 342 S.W.2d 634 (Tex.Civ.App. 1961, writ ref'd n. r. e.); Rice v. Travelers Exp. Co., 407 S.W.2d 534 (Tex.Civ.App. 1966, no writ).

Considering the express requirement of the rule, however, and the record in this case, we are of the opinion that the severance ordered by the trial court after the parties had submitted their causes to the court was an abuse of discretion requiring reversal. A review of the statement of facts shows that although the parties announced ready for trial on all issues raised by the pleadings in the respective causes, appellees introduced no evidence which would support their counterclaim for damages. Upon submission of the cause to the court, appellees had received their day in court, and the order of severance operated to the prejudice of appellants in offering appellees a second chance to present their case.

Under the authority of Rule 434, Tex.R. Civ.P., we reverse the trial court's order of severance and render the judgment that the trial court should have rendered. We therefore hold that appellees take nothing by their counterclaim for damages.

The judgment is otherwise affirmed.

Affirmed in part and reversed and rendered in part.