Onetia and Napoleon FLUELLEN,
Appellants,

v.

Ivy YOUNG and Barbara Gomez,
Appellees.

No. 13–83–189–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 29, 1983.

John H. Wright, Jr., North Central Texas Legal Services Foundation, Inc., Dallas, for appellants.

John R. Norris, III, Turner, Rodgers, Sailers, Jordan & Calloway, Lana Johnson, Dallas, for appellees.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal by Onetia Fluellen and Napoleon Fluellen, plaintiffs in the trial court, from the granting of a summary judgment against them in favor of Ivy Young, a defendant in the trial court, and from a take nothing judgment which was rendered against them and in favor of Barbara Gomez, also a defendant in the trial court. Henceforth, the plaintiffs will be referred to either by name or the "Fluellens," and the defendants will be referred to by name.

This case involves the attempted sale and subsequent sale of real property located in the City of Dallas, Dallas County, Texas, and various causes of action allegedly arising therefrom. Onetia Fluellen and Napoleon Fluellen instituted an action against Barbara Gomez and Ivy Young, wherein they sued to recover damages for breach of an alleged contract of sale of real property; to quiet title to the property involved; and to recover damages for alleged violations of the Texas Deceptive Trade Practices Act.

The trial court rendered an interlocutory summary judgment in favor of Ivy Young and against the Fluellens insofar as the Fluellens' action against him is concerned. Subsequently, a jury trial was held as to the Deceptive Trade Practices claim of the Fluellens against Barbara Gomez, and the jury reached a verdict in favor of them and against Barbara Gomez. The court, on Barbara Gomez' motion for "judgment non obstante veredicto and alternative motion to disregard the special issue jury findings," rendered a take nothing judgment against the Fluellens. The interlocutory summary judgment in favor of Ivy Young was made final in the final judgment.

Apparently, the Fluellens' fourth amended original petition constituted their trial petition. They alleged therein: 1) that on May 20, 1978, Barbara Gomez orally agreed to sell the house and lot located at 2206 Harrell, Dallas, Texas, to Onetia Fluellen; 2) that on May 24, 1978, Onetia Fluellen and Barbara Gomez agreed on a purchase price of $9,200, to be paid $500.00 in cash and monthly payments of $80.00 each, "until other arrangements could be made to pay the balance"; and that a "purchase agreement" to that effect was signed; 3) that they took possession of the property, expended $4,600.00 thereon by way of improvements to the house, and paid Barbara Gomez $500.00 in cash when the agreement was signed; 4) that they paid Barbara Gomez $80.00 per month for each of the months July, 1978 through August, 1980, and $90.00 for the month of September, 1980; 5) that on or about October 7, 1980, following a visit by Ivy Young and Julio Gomez (husband of Barbara Gomez), Ivy Young informed Onetia Fluellen that "he was contemplating" the purchase of the property in question; whereupon, Onetia Fluellen told him that she "had an existing contract for the purchase of the property"; 6) that on or about October 21, 1980, Barbara Gomez conveyed the property to Ivy Young, which was in violation of the "prior agreement"; and 7) that on or about December 3, 1980, Onetia Fluellen received a letter from Ivy Young which informed her that he was the "real title owner" of the property.

Barbara Gomez filed a general denial, and by way of affirmative defenses, among other defenses which are not necessary to discuss herein, pled that the contract of sale of the subject property upon which the Fluellens rely is unenforceable under the statute of frauds.

Ivy Young, in the suit brought against him by the Fluellens, filed a general denial, and by way of affirmative defenses, pled that the alleged contract of sale of the involved property is void under the statute of frauds, and that he is a bona fide purchaser for value, and at the time of his purchase of the property in question, "had

no notice of plaintiffs' purported contract of sale." He also filed a cross-action against the Fluellens wherein he sought a recovery of back rents and an order directing them to "surrender the property which is the subject matter of this suit" to him. He further filed a cross-action against Barbara Gomez for breach of warranty.

Ivy Young filed a motion for summary judgment on February 24, 1982. He sought summary judgment against both the Fluellens and Barbara Gomez. The allegations contained in the motion were substantially the same as those contained in his answer.

The summary judgment evidence establishes conclusively that on May 24, 1978, Barbara Gomez, as seller, and Napoleon Fluellen, as purchaser, signed a document that was prepared by Barbara Gomez. It, in pertinent part, reads as follows:

"PURCHASERS STATEMENT

| | |
|---|---|
| Contract Price | $9,200 |
| Sales price payable in Cash | 500 |
| | $8,700 |
| Purchaser's Expense to be determined by Title Company | |
| Monthly Payment until other arrangements are made concerning the balance | $80.00 monthly |
| Interest will be charged on $8,700, if not paid off by September, 1978." | |

Other undisputed facts are: 1) on May 24, 1978, the Fluellens paid $500.00 in cash to Barbara Gomez; 2) the Fluellens, shortly after May 24, 1978, went into possession of the property and made valuable improvements thereon; 3) the Fluellens made monthly payments of $80.00 each to Barbara Gomez for the period July, 1978 through August, 1980, and $90.00 in September, 1980; 4) on October 21, 1980, Barbara Gomez, joined by her husband, Julio Gomez, conveyed the property involved in this lawsuit to Ivy Young by general warranty deed; 5) the consideration for such sale was $12,000.00 cash; 6) shortly after October 21, 1980, Ivy Young notified the Fluellens that he was the owner of the property; and 7) Ivy Young's demand to the Fluellens that they pay rent, taxes and insurance premiums to him after he purchased the property were refused.

Onetia Fluellen, in her affidavit and deposition, in summary, testified: 1) on May 20, 1978, Barbara Gomez agreed to sell her the house located at 2206 Harrell, Dallas, Texas, for $9,100.00 "as is"; 2) the "purchasers agreement" was signed on May 24, 1978; 3) Onetia Fluellen, who was the real purchaser of the property, paid $500.00 down, and it was agreed that she would also pay $80.00 per month until the then existing lien on the house was paid off in September, 1978, when "we would go to the title company and change the deed and the lien over to me"; 4) Barbara Gomez told her that she would "finance the house" and after the existing lien was paid off that "the title company would work the interest and everything out"; 5) after the note, secured by the lien, had been paid off by Barbara Gomez, she was to execute a warranty deed conveying the property to Onetia Fluellen, and "would let the title company work out the interest and all to get a clear title to the house"; 6) after the lien had been discharged, the balance of the purchase price would be carried by Barbara Gomez, and Onetia Fluellen would continue to make the payments thereon; 8) she made certain improvements on the house "since June, 1978," which "Mrs. Gomez was fully aware of"; 9) on October 7, 1980, Ivy Young and Julio Gomez (husband of Barbara Gomez) visited Onetia Fluellen in "my home at 2206 Harrell," and she informed Ivy Young "that I had a contract on the house," and "pointed out the improvements I had made on the house"; 10) she made monthly payments of $80.00 from June, 1980 to August, 1980, and paid $90.00 in September, 1980; 11) Barbara Gomez refused to accept any payments after September, 1980; and 12) it was her understanding that insurance, taxes and interest were included in the monthly payments which she made to Barbara Gomez.

Barbara Gomez, in her deposition, in summary, testified: 1) Onetia Fluellen was interested in renting the house until September, 1978, but would put up $500.00 in escrow and would pay cash for the house "when she received the insurance money for the burning of her house at 2212 Harrell";

2) at the time the purchase agreement was signed, there was a lien against the house which was owned by "American General"; 3) on May 24, 1978, the balance due on the note secured by the lien was something over $2,000.00, and the payments thereon were $79.00 per month; 4) the note that was owned by American General was paid off when she sold the house to Ivy Young; 5) in early October, 1980, she told Onetia Fluellen that she "had given her more than ample time to buy," and that she was going to sell the house; 6) also, during the first part of October, 1983, she asked Onetia Fluellen "was she going to buy the house, and she said no"; and 7) she did not return the $500.00 cash payment to Onetia Fluellen although she, at one time, intended "to give Onetia Fluellen credit for putting up $500.00 in escrow."

Ivy Young, in his deposition, in summary, testified: 1) shortly before he purchased the involved property from Barbara Gomez, he went to the house and talked to Onetia Fluellen; 2) during the conversation, Onetia Fluellen told him that "she had a contract to buy the property"; 3) he had a title company check the title to the property and was told that "it was clear"; and 4) after he had purchased the property he sent a letter to Onetia Fluellen demanding "immediate possession of the property," which demand was refused.

The summary judgment was rendered on April 21, 1982. The trial court found that "there is no material issue of fact," and decreed:

"It is therefore ORDERED, ADJUDGED and DECREED that Cross-Plaintiff Ivy Young recover from Cross-Defendants Onetia Fluellen and Napoleon Fluellen the sum of One Thousand Seven Hundred Ten Dollars and No/100 ($1,710.00), being the reasonable rental value of said premises from October 1980 until the date of the hearing. Further it is ordered that Cross-Plaintiff Ivy Young recover from Cross-Defendants jointly and severally the total sum of Three Thousand Dollars and No/100 ($3,000.00) representing contractual attorneys fees, all as proved in the written instrument described herein in Cross-Plaintiff's Original Counter Claim, together with all costs of suit, for all of which let execution and other appropriate process issue.

Further it is order (sic) that Cross-Plaintiff Ivy Young have restitution from Cross-Defendants Onetia Fluellen and Napoleon Fluellen of the following described property and premises situated in Dallas County, Texas at 1106 Harell (sic) Street, in the City of Dallas, Texas for which Cross-Plaintiff has his writ of restitution."

The Fluellens attack the summary judgment in three points of error. They contend in their first point that the pleadings, affidavits and depositions raise genuine issues of material fact as to the existence of a valid and enforceable contract for the sale of real property between "Appellant and Appellee Gomez." In the second point, they assert that "genuine issues of material fact were presented as to the subsequent sale to a third party purchaser who had received actual notice of the existence of an agreement with respect to real property." In the third point, they claim that the summary judgment evidence raised material issues of fact as to breach of contract and the cloud cast on their title to the land in dispute.

"In order to uphold a summary judgment, the moving party must establish that as a matter of law there are no genuine issues of fact." *Wesson v. Jefferson Savings & Loan Ass'n,* 641 S.W.2d 903, 904–05 (Tex.1982).

In a summary judgment proceeding, the movant has the burden of showing that he is entitled to judgment as a matter of law. *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex.1975). All doubts as to the existence of a genuine issue as to a material fact must be resolved against the moving party. *Campbell v. Avinger,* 505 S.W.2d 788, 789 (Tex.1974). Therefore, the evidence is to be viewed in the light most favorable to the party opposing the motion for summary judgment, and all conflicts in the evidence must be disregarded and the evidence which tends to support the position of the party opposing

the motion must be accepted as true. *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972).

The Fluellens argue that the "Purchasers Statement" and various orally made terms constitute a contract of sale for the real estate in question. They further argue that the purported contract can be taken out of the statute of frauds by reason of part performance.

In order to take an oral contract (or a contract that is partly oral and partly in writing) out of the statute of frauds by reason of part performance, the following facts must be established: 1) payment of consideration; 2) surrender of possession of the premises by the vendor to the vendee; and 3) the making by the purchaser of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if the contract were not enforced. *Maloy v. Wagner,* 217 S.W.2d 667 (Tex.1949). The question of whether an oral contract for the sale of realty is taken out of the statute of frauds is one of fact. *Kean v. Cotten,* 253 S.W.2d 61 (Tex.Civ.App.—Beaumont 1952, no writ).

Onetia Fluellen, in her affidavit and deposition, asserts payment of consideration, a taking of possession of the premises, and a making of good and valuable improvements on the house located on the premises with consent of Barbara Gomez. Thus, the affidavit and deposition raise genuine issues of material fact on all three elements of part performance.

Furthermore, the summary judgment evidence raises a question of material fact as to whether Ivy Young received actual notice of the agreement in question. Both Ivy Young's deposition and Onetia Fluellen's affidavit and deposition indicate that Ivy Young had knowledge of the contract. Whether this knowledge was sufficient to constitute actual notice for the purposes of the bona fide purchaser doctrine was a question of fact to be determined at a trial where the issue could be fully developed.

Moreover, the summary judgment evidence raised genuine issues of material fact as to whether the Fluellens had detrimentally relied on the purported contract, and whether unjust enrichment to Barbara Gomez would occur as a result of the breach of the purported contract between Barbara Gomez and the Fluellens. Onetia Fluellen asserted in her affidavit that she relied on appellee Barbara Gomez' representation that she would sell her the house "as is," leading her to pay the $500.00 cash payment and to make monthly payments, take possession, and make valuable improvements upon the property.

There is no summary judgment evidence that establishes as a matter of law that $1,710.00 is "the reasonable rental value of said premises from October, 1980 until the date of the hearing." Nor were "contractual attorney's fees" in the amount of $3,000.00 conclusively established.

For the reasons stated above, we hold that the granting of the summary judgment was improper. The first, second and third points of error are sustained.

Final judgment was signed on June 2, 1982. It, in pertinent part, recited:

"On the 21st day of April, 1982, the Court entered an Interlocutory Order Granting Summary Judgment for Defendant, IVY YOUNG, against Plaintiffs ONETIA FLUELLEN and NAPOLEAN FLUELLEN wherein it was ordered that IVY YOUNG have restitution from ONETIA FLUELLEN and NAPOLEAN FLUELLEN of the following described property and premises situated in Dallas County, Texas at 2206 Harrell Street in the City of Dallas, Texas for which IVY YOUNG has his Writ of Restitution. The Court is of the opinion that the Interlocutory Order Granting Summary Judgment should become final.

The judgment decreed:

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that ONETIA FLUELLEN and NAPOLEAN

FLUELLEN take nothing from Defendant, BARBARA GOMEZ; and that IVY YOUNG have restitution from ONETIA FLUELLEN and NAPOLEAN FLUELLEN of the following described property and premises situated in Dallas County, Texas at 2206 Harrell Street in the City of Dallas, Texas for which IVY YOUNG has his Writ of Restitution; and that all costs of suit are taxed against ONETIA FLUELLEN and NAPOLEAN FLUELLEN. All relief not expressly granted herein is denied."

The Fluellens, in their fourth point of error, assert that the trial court erred in sustaining the objections of Barbara Gomez when they attempted to present their entire case to the jury during the trial of that portion of the case relating to the alleged violation of the Deceptive Trade Practices Act. We do not agree.

■ Error is not shown by the exclusion of evidence unless the appellant brings before the appellate court a record which shows what the evidence would have been and its relevancy. *Gonzalez v. Texas Department of Human Resources,* 581 S.W.2d 522 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); cert. den. 445 U.S. 904, 100 S.Ct. 1079, 63 L.Ed.2d 319 (1980) and *Kieffer v. Miller,* 560 S.W.2d 431 (Tex.Civ. App.—Beaumont 1977, writ ref'd n.r.e.).

■ The Fluellens had the burden to show reversible error by demonstrating that the exclusion of evidence was reasonably calculated to and probably did cause the rendition of an improper judgment. See *Gomez Leon v. State,* 426 S.W.2d 562 (Tex.1968). There are no bills of exception in the record. We are of the opinion that the Fluellens failed to carry their burden of showing that the exclusion of the evidence was reasonably calculated to and probably did cause an improper judgment. They have failed to show this Court how the exclusion of evidence relating to the alleged contract of sale has affected the outcome of their Deceptive Trade Practices Act suit. They have also failed to show us how such exclusion, which they argue was a result of the summary judgment granted on other matters, has made it impossible to prove up their claim under the Deceptive Trade Practices Act. The fourth point of error is overruled.

In their fifth point of error, the Fluellens claim that the trial court erred in granting Barbara Gomez' motion for judgment non obstante veredicto. The record does not indicate whether the trial court granted the motion for "judgment non obstante veredicto" or on Barbara Gomez' "alternative motion to disregard special jury findings."

■ Where the judgment of the trial court rests upon two or more independent grounds, the appellant must attack each on appeal or else the judgment must be affirmed as resting upon a ground not brought forward as error. *Dorbrandt v. Jones,* 492 S.W.2d 601 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.); *Haag v. Pugh,* 545 S.W.2d 22 (Tex.Civ.App.—Eastland 1976, no writ); *Williams v. Cassel,* 515 S.W.2d 403 (Tex.Civ.App.—Austin 1974, no writ).

■ In the instant case, the Fluellens did not attack the motion to disregard special jury findings as the basis for the trial court's take nothing judgment. Since the court may have rendered its take nothing judgment as a result of disregarding all or some of the special jury findings objected to in Barbara Gomez' motion, this constitutes an independent ground upon which the trial court may have rendered the take nothing judgment. The fifth point of error is overruled.

The Deceptive Trade Practice claim is severed from all of the other claims in this lawsuit. The judgment of the trial court with respect to the Fluellens' Deceptive Trade Practices claim is affirmed. That portion of the final judgment of the trial court which granted Ivy Young summary judgment is reversed, and the cause as to all claims save and except the Deceptive Trade Practice claim, is remanded to the trial court for trial. All court costs are taxed one-third (⅓) to the Fluellens, one-third (⅓) to Barbara Gomez, and one-third (⅓) to Ivy Young.

AFFIRMED in part and REVERSED and REMANDED in part.