TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00601-CV






David Simpson, Appellant



v.



Trinity Universal Insurance Company, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 93-04467-B, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING






 Appellant David Simpson sued multiple defendants for various claims arising from an
automobile accident and the settlement of his claims arising from the accident. Following a jury trial, the
district court rendered judgment for Simpson against defendant Gerald Black but severed Simpson's cause
of action against Trinity. The severed cause proceeded to a second trial, resulting in a judgment for
Simpson. Both Simpson and Trinity appeal. We will reverse the trial court's order severing the cause of
action against Trinity and render judgment that Simpson take nothing against Trinity.


FACTUAL AND PROCEDURAL BACKGROUND


 On June 4, 1991, in Kerrville, Texas, Gerald Black ran a red light, striking the vehicle
driven by Simpson. Black was insured by Allstate Indemnity Company which tendered its policy limits of
$20,000 into the registry of the district court. Simpson was on the job at the time of the accident and was
driving a vehicle owned by his employer and insured by Trinity. Simpson was also insured by American
Economy Insurance Company which covered his personal vehicle. Additionally, Service Lloyds Insurance
Company was the workers' compensation carrier for Simpson's employer.

 Simpson sued Black in cause number 93-04467 (the "Original Case"), alleging negligence
and gross negligence, and sued both Trinity and American Economy, alleging breach of contract for failing
to pay underinsured motorist and personal injury protection benefits available under both insurance policies,
breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code or the Texas
Administrative Code, and violations of the Texas Deceptive Trade Practices Act. Lloyds intervened,
seeking subrogation for workers' compensation benefits it paid to Simpson and his medical providers. 
Simpson, Trinity, and American Economy filed separate motions to sever in which the parties requested
that the trial court sever Simpson's causes of action against Trinity and American Economy for breach of
the duty of good faith and fair dealing, violations of the Texas Insurance Code or the Texas Administrative
Code, and violations of the Texas Deceptive Trade Practices Act. (1) The trial court granted Trinity's motion
and severed these claims, creating cause number 93-04467-A (the "A Case"), leaving Simpson's causes
of action against Trinity and American Economy for breach of contract in the Original Case. Soon
thereafter, pursuant to a settlement agreement, Simpson filed a non-suit requesting that the trial court
dismiss with prejudice his claims against American Economy. 

 Simpson, Black, Trinity, and Lloyds appeared before the trial court and announced ready
for trial on January 24, 1994, in the Original Case. (2) The parties pleadings included Simpson's claim for
damages against Black, Simpson's cause of action against Trinity for breach of contract, and Lloyds'
subrogation claim. After the parties presented their evidence and rested, the charge, which contained only
one question with six sub-parts regarding damages, was prepared and submitted to the jury. (3) Although
Simpson's live pleading included his claim against Trinity for failing to pay his underinsured motorist claim,
no questions regarding Trinity's liability were included in the charge. (4) After the jury returned a verdict
finding damages in favor of Simpson, he filed a motion for judgment including a proposed final judgment. (5) 
Trinity filed objections to Simpson's proposed judgment and complained that Simpson failed to prove
Trinity breached the insurance contract. Nevertheless, on March 10, 1994, the trial court severed
Simpson's breach of contract claim against Trinity, creating cause number 93-04467-B (the "B Case"),
and rendered judgment on the verdict in the Original Case in favor of Simpson. Trinity filed a motion for
new trial or to vacate the judgment and later filed an additional motion to vacate the judgment.

 In the B Case, Trinity moved for and the trial court granted partial summary judgment on
the amount due Simpson from Trinity based upon the damages awarded in the first trial and the credits to
which Trinity was entitled due to settlements by other parties to the first lawsuit. On July 5, 1995, following
a jury trial on Simpson's breach of contract claim against Trinity, the trial court rendered judgment in favor
of Simpson for $12,873.37 plus pre-judgment interest after calculating amounts previously paid to Simpson
by Trinity and credits to which Trinity was entitled and also awarded Simpson attorney's fees. Simpson
appeals from the judgment in the B Case; Trinity also appeals.


DISCUSSION


 In its first and second cross points, Trinity challenges (1) the trial court's failure to render
a take-nothing judgment against Simpson on his breach of contract claim following the trial of the Original
Case and (2) the trial court's severance of Simpson's claim against Trinity. (6) Simpson's live pleading in the
Original Case alleged only one claim against Trinity -- breach of contract for failing to pay underinsured
motorist benefits. When a plaintiff goes to trial asserting a breach of contract, he must not only present
evidence but must also request and obtain a jury finding to support his allegation; otherwise, the claim for
breach of contract is waived. See, e.g., Southwestern Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 495
(Tex. 1991); Tex. R. Civ. P. 279. Simpson had the burden to prove the existence of a Trinity insurance
policy providing him with underinsured motorist coverage, the amount of coverage provided, and that Black
was an underinsured motorist. (7) At trial, Simpson failed to prove any of these requirements and neither
requested nor obtained a jury finding supporting his breach of contract claim. The trial court, therefore,
erred by failing to render a take-nothing judgment against Simpson on his breach of contract claim against
Trinity. See Texas Real Estate Comm'n v. Nagle, 767 S.W.2d 691, 695 (Tex. 1989); Tex. R. Civ. P.
279, 301. We sustain Trinity's first cross point.

 Rather than rendering judgment against Simpson on his claim against Trinity after the jury
returned a verdict in the Original Case, the trial court severed his claim into the B Case. Parties and actions
may be severed "at any stage of the action, before the time of submission to the jury or to the court if
trial is without a jury, on such terms as are just." Tex. R. Civ. P. 41 (emphasis added). We recognize that
under this rule, a trial court has broad discretion in questions of severance, and that its action should not
be disturbed on appeal unless there has been an abuse of that discretion prejudicial to a complaining party. 
Liberty Nat'l Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996); Williams v. Cassel, 515 S.W.2d
403, 406 (Tex. Civ. App.--Austin 1974, no writ). Rule 41 does not, however, permit a trial court to sever
a case after it has been submitted to the trier of fact. State Dep't of Highways & Pub. Transp. v.
Cotner, 845 S.W.2d 818, 819 (Tex. 1993); Coalition of Cities for Affordable Util. Rates v. Public
Util. Comm'n, 798 S.W.2d 560, 564 (Tex. 1990). 

 Considering the express requirement of Rule 41 and the record in this case, we are of the
opinion that the severance ordered by the trial court after the parties submitted their causes to the jury and
the jury had returned its verdict was an abuse of discretion requiring reversal. See Williams, 515 S.W.2d
at 406. Upon submission of the cause to the jury, Simpson had received his day in court, and the order
of severance operated to prejudice Trinity by offering Simpson a second chance to present his case. We,
therefore, sustain Trinity's second cross point.

 Because the trial court erred by failing to render a take-nothing judgment against Simpson
on his breach of contract claim against Trinity and by severing the claim into the B Case, we need not
address Simpson and Trinity's remaining points and cross points of error relating to actions taken by the
trial court in the B Case.


CONCLUSION


 For the reasons stated in the opinion, we reverse the judgment and render judgment that
Simpson take nothing against Trinity on his claim of breach of contract for failure to pay his underinsured
motorist claim. 



 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Reversed and Rendered

Filed: August 14, 1997

Do Not Publish
1. Trinity and American Economy also sought abatement of the causes of action until the claims
against Black and the failure to pay claims were decided. 
2.   Prior to jury selection, Black admitted both ordinary and gross negligence, leaving damages as
the only issue remaining in Simpson's cause of action against him.
3.   Lloyds presented its evidence showing the amount of benefits paid to Simpson to the trial court
outside the presence of the jury.
4.   Simpson and Trinity had settled Simpson's claim for personal injury protection benefits prior to
trial.
5.   The jury found that $90,932.13 would fairly and reasonably compensate Simpson for his injuries.
6. Because the trial court severed Simpson's claim against Trinity from the Original Case, no final
judgment had been rendered on Simpson's breach of contract claim against Trinity. The severance itself
was not a final judgment, nor an interlocutory order. H.E. Butt Grocery Co. v. Currier, 885 S.W.2d
175, 177 (Tex. App.--Corpus Christi 1994, no writ). Trinity, therefore, could not challenge the severance
order until a final judgment was obtained. Id.
7. Simpson contended at oral argument that article 5.06-1 of the Texas Insurance Code placed the
burden on Trinity to prove he was not a covered person. Nothing in article 5.06-1 places the burden. The
only provision relating to an insurer's burden of proof regards a question of whether or not a vehicle is
uninsured. This question is not present in this case. We, therefore, disagree with Simpson's assertion that
he was not required to prove he was covered under the underinsured motorist provisions of a Trinity policy
and the coverage amount. 



his claim into the B Case. Parties and actions
may be severed "at any stage of the action, before the time of submission to the jury or to the court if
trial is without a jury, on such terms as are just." Tex. R. Civ. P. 41 (emphasis added). We recognize that
under this rule, a trial court has broad discretion in questions of severance, and that its action should not
be disturbed on appeal unless there has been an abuse of that discretion prejudicial to a complaining party. 
Liberty Nat'l Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996); Williams v. Cassel, 515 S.W.2d
403, 406 (Tex. Civ. App.--Austin 1974, no writ). Rule 41 does not, however, permit a trial court to sever
a case after it has been submitted to the trier of