RENDERED: MAY 20, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1035-MR

TRACY WINDUS                                                      APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.         HONORABLE BRIAN C. EDWARDS, JUDGE
ACTION NO. 17-CI-005976


BUFFALO CONSTRUCTION, INC.                                         APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: LAMBERT, MCNEILL, AND TAYLOR, JUDGES.

MCNEILL, JUDGE: On January 25, 2017, Appellant, Tracy Windus (Tracy), was

working a waitressing shift at Buffalo Wild Wings in Jeffersontown, Kentucky.

Sometime during her shift while passing through the kitchen area of the restaurant,

she tripped on a raised drain and pipe located on the floor in front of a counter.

She fell and sustained injuries to her right arm, elbow, and face. As a result, Tracy

underwent four surgeries on her right arm and elbow and was unable to work for

six months.  She subsequently filed suit alleging negligence against building contractor Buffalo Construction, Inc. (Buffalo), who Tracy claims is responsible for the drain's installation and maintenance.[1]  The circuit court granted summary judgment in favor of Buffalo.[2]  Tracy appeals to this Court as a matter of right.  Her primary argument is that Kentucky law permits causes of action against building contractors for negligent construction work.  Having reviewed the record and the law, we reverse the circuit court and remand.

## STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  CR[3] 56.03.  In negligence cases, while duty is an issue of law, "[b]reach and injury, are questions of fact for the jury to decide."  *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 89 (Ky. 2003) (citation omitted).

---

[1]  Tracy cites in her brief that a plumbing subcontractor, E&E Mechanical, Inc., installed the pipe and drain at issue here in accordance with plans and specifications provided by Buffalo. Tracy reached a settlement with E&E prior to this appeal.

[2]  According to the circuit court's order, the premises owner, Blazin Wings, Inc., was not joined in this action because Tracy collected workers' compensation benefits from that entity.

[3]  Kentucky Rules of Civil Procedure.

## ANALYSIS

It is undisputed that Buffalo was not the owner or possessor of the premises for purposes of traditional premises liability law. *See, e.g.*, *Grubb v. Smith*, 523 S.W.3d 409, 426 (Ky. 2017) (observing that "[t]he possessors of business premises . . . generally do have a non-delegable, affirmative duty to protect their invitees from unreasonably dangerous conditions on the premises however those dangerous conditions came to be"). On that basis, the circuit court granted Buffalo summary judgment. More precisely, the court reasoned that because Buffalo was not in possession or control of the premises at the time of Tracy's injuries, it cannot be held liable. In so holding, the circuit court relied, in part, on *Boland-Maloney Lumber Co., Inc. v. Burnett*, 302 S.W.3d 680, 684 (Ky. App. 2009), concluding that "[*Burnett*] demonstrates that summary judgment is appropriate for a company or group that worked on constructing a building, even if injury later occurred on something said company built."

In *Burnett*, the circuit court granted summary judgment against the subcontractor that performed the underlying work at issue. The case proceeded to trial against the entity that subcontracted and supervised the work that caused the plaintiff's injury – a contractor, against whom a judgment was entered and damages assessed. 302 S.W.3d at 684-85. It is unclear from the *Burnett* opinion on what specific grounds the circuit court relied in dismissing the subcontractor.

-3-

*See id*. at 687. Therefore, *Burnett* is of limited utility in resolving the present issue, other than the general observation that contractors may be held liable in cases similar to the present.

In support of her argument, Tracy cites *Martin v. St. Joseph Health System, Inc.*, No. 2011-CA-000645-MR, 2012 WL 4036997, at *1-3 (Ky. App. Sep. 14, 2012). In that case, the plaintiff, Martin, fell while ascending a stairway that was under construction at the time, and sustained serious injuries as a result. *Id*. at *1. Martin filed suit against the premises owner and the contractor who installed the stairway, specifically alleging that the contractor breached its duty to install sufficient lighting in and around the area where her injury occurred. *Id*. The circuit court granted summary judgment in favor of the contractor, reasoning that only the premises owner had a duty to safely maintain the premises. *Id*. The Court of Appeals reversed the circuit court and remanded for trial. *Id*. at *3. In so holding the Court reasoned as follows:

> in what appears to be a case of first impression, we hold that Section 384 of the Restatement of the Law of Torts, Second, applies. Pursuant to Section 384,
>
>> One who on behalf of the possessor of land erects a structure or creates any other condition on the land is subject to the same liability, and enjoys the same freedom from liability, as though he were the possessor of the land, for physical harm caused to others upon and outside of the land by the dangerous character of the structure or other condition while the work is in his charge.

-4-

*Id*. at *2-3. "Based on the preceding, and because [owner] had not accepted the stairway, [contractor] had the same liability and the same freedom from liability as [owner]. Thus, [contractor] had the same duty to prevent harm as [owner]." *Id*. at *3. While we recognize that this case is unpublished, we consider it to be instructive of the present issue.

Furthermore, both parties cite to *Saylor v. Hall*, 497 S.W.2d 218 (Ky. 1973), as did the Court in *Martin*, wherein it discussed and distinguished *Saylor* as follows:

> In *Saylor*, E.H. Hall built a house containing a fireplace and mantel in 1955. Hall sold the house to Thomas and Kathlyn Johnson in 1955 and they resided there until 1969, when they rented the house to the Saylors. One of the Saylors' children was killed and another was seriously injured when the fireplace and mantel collapsed. The Saylors brought suit against the Johnsons and Hall. *Id.* at 220-21. With regard to Hall's liability, the Court adopted Section 385 of the Restatement of the Law of Torts, Second, which addresses contractor liability after work has been accepted by the owner. *Id.* at 224. Neither *Saylor* nor Section 385 of the Restatement of the Law of Torts, Second, applies herein, because there is no evidence that St. Joseph "accepted" the temporary stairway.

*Martin*, 2012 WL 4036997, at *2. Although *Martin*'s analysis here is correct, it is incomplete. In abrogating its old line of cases disclaiming liability for "manufacturers" and adopting Section 385 of the Restatement of the Law of Torts,

Second, the Court of Appeals – Kentucky's highest Court at the time – further

opined as follows:

> Prosser says: **It is now the almost universal rule that the contractor (builder) is liable to all those who may foreseeably be injured by the structure**, not only when he fails to disclose dangerous conditions known to him, but also when the work is negligently done. . . . *See* Prosser, Handbook of the Law of Torts, section 104, p. 681 (4th Ed. 1971).
>
> Returning now to the principle that we discussed in the opening of this opinion, we conclude that it is unnecessary in this case to delineate or define the outer limits of a builder's liability in 1964 in Kentucky to a third party injured by the negligence of the builder whose work had been completed and accepted by the owner. We are satisfied that, **under the precise facts of this case, the builder at that time was at the least subject to liability to third parties for negligent construction, though completed and accepted**, that created a latent defect in a stone mantel and fireplace in a home where innocent third parties on the property could foreseeably be injured by such dangerous and concealed condition.

*Saylor*, 497 S.W.2d at 224 (internal quotation marks and citations omitted)

(emphasis added). We also consider the application of this principle by federal

courts to be instructive. For example, in *Dotson v. Scotty's Contracting, Inc.*, the

United States Court of Appeals for the Sixth Circuit affirmed the jury's verdict in a

case where, "[p]rior to trial the defendants moved for summary judgment on the

ground that they had been insulated from liability by the Commonwealth's

acceptance of the repaving work as being in substantial conformity with the

-6-

contract specifications." 86 F.3d 613, 615 (6th Cir. 1996). Although summary

judgment was not an issue before the Sixth Circuit on appeal, the Court explained

the underlying reason for the district court's denial of summary judgment, by

quoting from the district court's opinion as follows:

> Under Kentucky law, contractors are not liable for
> injuries resulting from road construction that conforms to
> specifications of a contract with the Department of
> Highways. *City of Louisville v. Padgett*, 457 S.W.2d 485
> (Ky. 1970); *Hollars v. Gilreath Dairy Co. et al.*, 253
> S.W.2d 62[0] (Ky. 1952). The court infers from the
> language of these opinions that Kentucky's highest court
> would hold that the converse is also true: contractors are
> liable for injuries resulting from construction that does
> not conform to specifications. *Padgett* at 488; *Hollars* at
> 620; *see also* **Saylor v. Hall**, 497 S.W.2d 218 (Ky. 1973)
> (citing Restatement of Torts, Second § 385 and Prosser to
> the effect that **contractor is liable for all foreseeable
> injuries, even if the landowner has accepted the work
> and dangerous conditions are not concealed**.) The
> issues of whether the defendants' work conformed to
> contract specifications and whether any such failure
> caused the plaintiff's injuries are therefore material to
> this dispute. The plaintiff has raised genuine questions of
> fact as to these issues.

*Id*. (internal quotation marks omitted) (emphasis added). Surprisingly, *Martin* and

*Dotson* appear to be the most relevant cases citing *Saylor* for this issue. *See also*

Emmanuel S. Tipon, Annotation, *Modern Status of Rules Regarding Tort Liability*

*of Building or Construction Contractor for Injury or Damages to Third Person*

*Occurring After Completion and Acceptance of Work*, 75 A.L.R.5th 413 § 3

(originally published in 2000) (citing *Saylor*):

> The courts held in the following cases that a building or construction contractor is liable for injury or damage to a third person even after completion of the work and its acceptance by the owner where it was reasonably foreseeable that a third person would be injured by such work on account of the contractor's negligence or failure to disclose a dangerous condition known to such contractor.

The parties have not cited to any additional authority that is dispositive here, and we have discovered none. Therefore, although Kentucky law does not abound on these issues, a fair application of *Saylor*, *Dotson*, *Burnett*, and *Martin* supports the proposition that a building contractor, or similarly situated person or entity performing such work, *may* be held liable for negligence resulting from work performed, whether the underlying work/condition at issue was "accepted" or not. In other words, Kentucky law does not automatically insulate Buffalo from potential liability, which appears to be the reasoning relied upon by the circuit court in granting summary judgment.

The question remains whether Buffalo breached a duty here, and whether that breach caused Tracy's injury. For example, Tracy cites to the affidavit of Patrick Harrison, General Manager of Buffalo Wild Wings, wherein he claims that he complained to Buffalo's foreman that the drain and pipe area was a hazard and that the foreman agreed to make the necessary modifications, which allegedly did not occur prior to Tracy's injury. Mr. Harrison also attests that

Buffalo subsequently placed metal strips and caution tape around the drain and pipe.

Buffalo cites to the affidavit of Senior Project Manager, Eric Whitlatch, which provides a contradictory/contrasting account to that of Affiant Harrison. Therefore, we conclude that there are genuine issues of material fact here. However, it is not our position here to assess this, or any other evidence. We cannot overemphasize that we are not making a judgment as to whether Buffalo is liable. Nevertheless, summary judgment was improper.

## **CONCLUSION**

Having considered the record and the law, we REVERSE the circuit court's summary judgment and REMAND for trial.

LAMBERT, JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Damon B. Willis
Louisville, Kentucky

BRIEF FOR APPELLEE:

David E. Crittenden
Robert D. Bobrow
Seth J. Singleton
Louisville, Kentucky